Edward T. Hogan, J.
Defendant, in an action for a judgment declaring a zoning ordinance invalid only as it affects the plaintiffs’ property moves to dismiss the complaint on the ground that it does not state a cause of action in that it fails to allege that plaintiffs have exhausted their administrative remedies as a condition precedent to the maintenance of this action.
Plaintiffs allege that they have no administrative remedies available to them. For the purpose of this motion all the factual aEegations of the complaint must be deemed true. It aEeges that in 1950 they became the owners of a tract of land containing approximately seven acres in the unincorporated area of the Town of Hempstead, which land for upwards of 30 years last past and prior to the adoption of the zoning ordinance has been approximately 10 feet below the grade of the surrounding property, that it has been used as a dump, that it is an interior parcel with the exception of 64 feet fronting on Union Avenue, that it is surrounded on aE other sides by the backyards of dweEings and by a contractor’s yard, which is a nonconforming use, and that it is presently zoned as a “ Eesidence B District” in which only single-family detached homes are permitted.
*555 It alleges further that in order to bring the premises up to the surrounding grade 150,000 cubic yards of fill would be required, the fair and reasonable cost of which would be $200,000, that it is impossible to develop it as a conforming use with one-family dwellings, and that the highest use to which it can be put is as an apartment house site, that all attempts to sell it for a development of private dwellings have been unavailing, and that an application to the Town Board for a change of zoning to a “ residence C-A district ” for the purpose of permitting the erection of apartment houses was denied on March 18, 1958.
It has been conceded that the hardship and the practical difficulties which these plaintiffs suffer are unique. Likewise, they are self imposed, since plaintiffs purchased the property with knowledge of its physical condition and at least constructive knowledge of the existing zoning restrictions. The problem which they present to the court is the following:
Plaintiffs have stated to the court that they are in no position, financial or otherwise, to undertake the improvement of their property by the erection of one or more apartment houses, which, they claim, is the highest practical use to which it can be put. They do not yet have a contract vendee, so there are no building or site plans in existence which they can present to the Building Department of the town. With no plans before him the Building Inspector cannot entertain an application for a permit. They argue that without the disapproval of the Building Department (which would appear to be inevitable if such plans were submitted) they cannot come before the Board of Appeals in search of a variance, since its jurisdiction is limited by the Building Zone Ordinance and subdivision 2 of section 267 of the Town Law, which permits it to hear, decide and review only appeals from any order, requirement, decision or determination made by that department.
There is the additional fact that the hardship which they seek to avoid is clearly self-imposed, bringing them within the rule that one who knowingly acquires land for a prohibited use cannot thereafter have a “ use ” variance on the ground of special hardship (Matter of Clark v. Board of Zoning Appeals, 301 N. Y. 86).
Under these circumstances must the plaintiffs bear the burden and quite considerable expense of (1) preparing and submitting plans to the Building Department for apartment houses which they themselves cannot build and (2) when a permit is refused, as it must be, applying then to the Board *556 of Appeals for a variance, which it cannot grant, as conditions precedent to the maintenance of an action for a declaratory-judgment? The Appellate Division of this department has answered this question in the negative. In O’Brien Transfer & Storage Co. v. Incorporated Village of Great Neck (2 A D 2d 690, 691) it said: “ An application for a variance cannot be deemed a prerequisite to an attack on the constitutionality of a zoning ordinance where such a variance could not be granted. * * A variance is not available to appellant because it purchased the property with knowledge that its proposed use was not a conforming one.”
Heeding the admonition of the late Mr. Justice Cabdozo that it should not exalt form over substance, this court will not compel the plaintiffs to go through the vain motion of applying for a variance when such relief cannot he granted, in blind adherence to the rule that one’s administrative remedies must he exhausted before the constitutionality of an ordinance may be attacked.
Without passing upon the merits of plaintiffs’ action, the court is constrained to find under the circumstances here present that plaintiffs have no administrative remedy, that the complaint insofar as it seeks a judgment declaring the ordinance unconstitutional states a good cause of action and, accordingly, to deny defendants’ motion to dismiss it.