The CHASE REALTY COMPANY, Inc., a
Missouri Corporation, Plain-
tiff-Appellant,

v.

DOREL COMPANY, Inc., a Missouri Corpora-
tion, Earl Bumiller, Registered Agent, and
Earl Bumiller and Doris Bumiller, Husband
and Wife, Defendants-Respondents.

No. 33493.

St. Louis Court of Appeals.

Missouri.

Nov. 18, 1969.

Shifrin, Treiman, Schermer & Susman by Richard H. Ulrich and Louis Shifrin, St. Louis, for plaintiff-appellant.

Edward C. Cody and Klutho & Cody, St. Louis, for defendants-respondents.

CLEMENS, Commissioner.

This appeal concerns two claims for real estate commission—$18,000 for sale of a fee title, denied in the trial court, and $12,000 for sale of a lease on the same property, first advanced on appeal.

The defendant Dorel Company held a 99-year lease on restaurant property owned by Mr. and Mrs. Joseph Schober. Dorel had sublet the property to the restaurant operators, Jack and Betty Chapnick. The 99-year lease from the Schobers to Dorel gave Dorel an option to buy the fee title. Dorel gave plaintiff real estate broker a six percent listing contract to sell the property. Plaintiff allegedly persuaded the Chapnicks to make an offer to buy the property in fee from Dorel for $300,000 and plaintiff contended Dorel accepted the Chapnicks' offer.

Plaintiff sued Dorel and its two principal stockholders, Earl and Doris Bumiller, for an $18,000 commission. The trial court found there had been no contract or sale

and rendered judgment against plaintiff broker. Plaintiff appealed to the Missouri Supreme Court but the case was transferred here. This, on the ground that in its brief the plaintiff failed to specify any trial error concerning the denial of its $18,000 claim for commission on the alleged $300,000 sale. But since plaintiff had also briefed the question of its claim to a $12,000 commission on Dorel's alleged sale of the 99-year lease for $200,000, the appeal was within our $15,000 jurisdictional limit. See Chase Realty Company v. Dorel Company, Mo., 437 S.W.2d 65.

The oral and documentary evidence took a wide range, covering over five years of negotiations and transactions between the plaintiff's agents Alex and Paul Anton, the Dorel Company and its principal stockholders Mr. and Mrs. Bumiller, the restaurant owners Mr. and Mrs. Schober, its operators Mr. and Mrs. Chapnick, and the agents of another real estate broker. Much of this has no bearing on the limited issue before us.

On September 10, 1965, when Dorel held the 99-year lease on the restaurant property and the included option to buy the fee, Dorel gave plaintiff a 30-day listing contract, promising to pay a six percent commission if plaintiff procured a buyer for either the 99-year lease at $200,000 or the fee title at $350,000. Although the plaintiff did procure straw party offers to buy the fee title at lesser amounts, Dorel did not accept them. Dorel did not have money to exercise its option to purchase, and on October 1, 1965 the individual defendants Earl and Doris Bumiller bought the fee title from the Schobers. This Schober-to-Bumiller sale was the only title change during the life of plaintiff's listing contract. Thus, Dorel still held the 99-year lease but the Bumillers owned the fee.

Plaintiff's petition charged that the Bumillers had contracted to sell the fee title to the Chapnicks whom plaintiff claimed to have interested in making the offer to buy the property. The only evidence of such a purchase contract was an alleged admission of Earl Bumiller to plaintiff that he had "closed a deal" with the Chapnicks. Mr. Bumiller denied this statement and all parties to the alleged transaction denied that the Bumillers had accepted an offer from the Chapnicks. In giving judgment against the plaintiff the trial court specifically found that no sale had been consummated.

■ The Points Relied On in plaintiff's brief put forth several abstract statements of law without showing a relationship to any action or ruling of the trial court. These abstract points violate Civil Rule 83.05(e), V.A.M.R. and preserve nothing for review. Monterosso v. St. Louis Globe-Democrat Pub. Co., Mo., 368 S.W.2d 481[6]. Plaintiff's only point approaching compliance with Civil Rule 83.05(e) is Point IV:

"The exclusive sales contract contained two elements:

a) The sale of the 99 year leasehold for $200,000.00, subject to the broker's commission.

b) The sale of the fee simple title for $350,000.00 subject to the broker's commission.

"The sale of the leasehold was actually made. Therefore, from the face of the exclusive sales contract and admission of Defendants-Respondents, the agents are entitled to a 6% commission of $12,000.00 for the sale of the leasehold."

We note that subparagraph b) concerns plaintiff's claim to an $18,000 commission for the alleged $300,000 sale of the fee title. The trial court found on conflicting testimony that there was no such sale. As declared in the Supreme Court opinion at 437 S.W.2d l. c. 66 plaintiff's Points Relied On fail to challenge that finding. The court said: "There is no other point relied on in plaintiff's brief making a claim to any specific amount of commission or stating any definite transaction for which

commission of more than $12,000.00 is claimed. Thus a claim for $12,000.00 for commission is the only live issue on this appeal."

To buttress this $12,000 claim plaintiff now contends under its Point IV a) that "the sale of the leasehold was actually made." Despite the fact that Dorel's 99-year lease has never been transferred and that Dorel continues to sublet the restaurant to the Chapnicks, plaintiff contends that Dorel, by not exercising its option to purchase the fee title, permitted the Bumillers to acquire it. This non-action, plaintiff argues, actually amounted to a sale of the leasehold by Dorel to the Bumillers. We have difficulty in seeing how the Schobers' sale of the fee to the Bumillers could obligate Dorel to pay plaintiff a commission for producing a buyer of its 99-year lease. But we need not try to unravel this theory. Plaintiff's claim to a commission from Dorel for selling its 99-year lease was not pleaded; plaintiff's petition claimed only the $18,000 commission on the defendants' alleged $300,000 sale contract with the Chapnicks. In a trial court colloquy plaintiff's counsel declared he was standing on the Chapnicks' alleged contract to buy, not on the Bumillers' purchase of the fee title.

An appellate court is a forum for reviewing errors, not one in which to make a new case. Handshy v. Nolte Petroleum Co., Mo., 421 S.W.2d 198[10]. The plaintiff now claims a $12,000 fee for Dorel's alleged, constructive sale of the 99-year lease to the Bumillers. This is a new theory, advanced here for the first time. An appellant may not switch theories in the middle of the judicial stream. As Judge Ruark said of plaintiffs-appellants, "having chosen their mount in the court of first instance, they must ride it on through the appellate court." State ex inf. Mooney ex rel. Stewart v. Consolidated School Dist. No. 3, Mo.App., 281 S.W.2d 511[9].

Appellate courts will not review a case on a theory of liability differing from the one presented in the trial court. Herrick Motor Co. v. Fischer Oldsmobile Co., Mo.App., 421 S.W.2d 58[5, 9]; and numerous cases at 2A Mo.Dig., Appeal & Error, ☞171. Where, as here, the new theory is the only one advanced on appeal, the appeal should be dismissed. Morris v. Kansas City, Mo., 391 S.W.2d 198[4].

Appeal dismissed.

PER CURIAM:

The foregoing opinion of CLEMENS, C., is adopted as the opinion of this court. Accordingly, the appeal is dismissed.

WOLFE, P. J., and BRADY and DOWD, JJ., concur.