Charles J. TINTERA, Plaintiff-Appellant,

v.

The PLANNED INDUSTRIAL EXPANSION AUTHORITY, Defendant-Respondent.

No. 55215.

Supreme Court of Missouri, Division No. 1.

Nov. 9, 1970.

Jerome T. Bollato, St. Louis, Sheldon D. Grand, Clayton, for plaintiff-appellant.

Marvin Klamen, Clayton, for defendant-respondent.

WELBORN, Commissioner.

Appeal by plaintiff from denial of relief sought by petition for declaratory judgment as to constitutionality of certain provisions of "The Planned Industrial Expansion Law." §§ 100.300–100.620, RSMo 1969, V.A.M.S.

Plaintiff, Charles J. Tintera, alleged that he was a resident, landowner and taxpayer of the City of St. Louis. The petition alleged that the defendant, The Planned Industrial Authority, is a body corporate, established under §§ 100.300, et seq., RSMo 1969, V.A.M.S., and authorized to function in the City of St. Louis by action of its Board of Aldermen dated December 11, 1967. The petition alleged that the purpose of the defendant was to pursue plans for industrial development and to undertake and carry out industrial clearance projects and development projects for industrial development.

The petition alleged that §§ 100.430, 100.-440, 100.450 and 100.550, RSMo 1969, V.A.M.S., authorize the defendant to borrow money for its corporate purposes by issuing and selling bonds; that § 100.450(2) makes the interest on such bonds exempt from Missouri income tax; that § 100.570, RSMo 1969, V.A.M.S., permits exemption from payment of ad valorem taxes on lands and buildings within a project area.

The petition alleges that "it is the opinion and belief of plaintiff that said provisions of said Statute violate" the following provisions of the Constitution of Missouri, V.A.M.S.:

§ 23 and § 25, Art. VI, prohibiting a county, city or political subdivision from lending its credit or granting public money to private persons and corporations.

§ 3, Art. X, requiring taxes to be collected for public purposes only and requiring that taxes be uniform within the territorial limits of the taxing authority.

§ 6, Art. X, relating to exemptions from taxation.

The petition then alleged:

"That the business conducted by defendant aforesaid, pursuant to said Statutory provisions aforesaid, will extend public credit and something of value for the benefit of individuals and private corporations, seeks to make the taxes levied by the City of St. Louis, nonuniform in their application, and further, seeks to establish an exemption to taxes, which will be in violation of the constitution of the State of Missouri, all to the cost, expense, and detriment of plaintiff hereunder."

The prayer was for a declaratory judgment that §§ 100.430, 100.440, 100.450, 100.-550 and 100.570, supra, be declared unconstitutional and for injunctive relief.

Defendant's answer admitted the formal allegations of the petition; asked for strict proof of plaintiff's allegations as to his status as a taxpayer; and denied that the statutes referred to in plaintiff's petition are unconstitutional.

When the matter came on for hearing, a stipulation of facts was submitted by the parties and the defendant offered testimony as to the benefits which the City of St. Louis might expect to accrue from the Authority's operation.

The trial court then rendered judgment in favor of the defendant and against the plaintiff. No declaration of law was made. This appeal followed.

On this appeal, the appellant's contentions, as stated in his Points and Authorities, are as follows:

"I

"The trial court erred in ruling in favor of defendant because there is no constitutional authority for the issuance of bonds by the Planned Industrial Expansion Authority.

"II

"The trial court erred in ruling in favor of defendant because there is no constitutional authority for the powers (impliedly) given the City of St. Louis and the powers (actually) given the City of St. Louis to aid the Planned Industrial Expansion Authority in carrying out its functions by using public funds.

"III

"The trial court erred in ruling in favor of defendant because (A) the Authority cannot be entitled to the ad valorem tax exemption benefits available under the Planned Industrial Expansion Law; (B) the parties to whom the tax exemptions are available are unconstitutionally classified under the Planned Industrial Expansion Law; and (C) the availability of the tax exemption is based on an unconstitutional delegation of authority by the legislature."

■ Examination of plaintiff's petition shows that no basis for either Point I or Point II may be found in the petition. There is no allegation which in any manner places in issue the absence of a constitutional basis for issuance of bonds by the Authority. Nor is any allegation to be found regarding powers given to the City of St. Louis. It is elementary that a constitutional attack may not be advanced on appeal to this Court which was not first presented to the trial court. Therefore, these points present no questions for our review. Readey v. St. Louis County Water Co., Mo.

Sup., 352 S.W.2d 622, 628 [3]; Laret Investment Co. v. Dickmann, 345 Mo. 449, 134 S.W.2d 65, 70 [8–11]. Furthermore, the City of St. Louis would be a necessary party to any adjudication of the validity of its powers. Civil Rule 87.04, V.A.M.R.

Plaintiff's third point relates to § 100.570, supra, which provides:

"The ad valorem tax exemption benefits contained in chapter 353, RSMo 1959, of 'The Urban Redevelopment Corporation Law' and more specifically in sections 353.-110 and 353.150(4), [RSMo] shall not be available to any urban redevelopment corporation on lands and improvements situated within a project area under this law, unless the governing body by a three-fourths vote of such body approves the ad valorem tax exemption benefits."

The stipulation under which the cause was submitted recited that the Authority was contemplating the acquisition of real estate and that it intended to seek the tax benefits available under § 100.570, supra.

■■ The allegations of plaintiff's petition and the stipulation do not demonstrate the existence of a justiciable controversy on this issue. Tax advantages will be available only if the Board of Aldermen of the City of St. Louis grants its approval. If such approval is not granted, no advantages are permitted. Therefore, assuming that plaintiff's status as a taxpayer permits him to question illegal tax exemptions granted to others, plaintiff can and will suffer no damage until tax exemption benefits are granted. In the meantime, there is no justiciable controversy between plaintiff and defendant on this issue. Declaratory judgment is not available to adjudicate hypothetical or speculative situations which may never come to pass. M.F.A. Mutual Insurance Company v. Hill, Mo.Sup., 320 S.W.2d 559, 564 [9].

The judgment of the trial court, denying plaintiff relief, is affirmed.

 

HOUSER and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.