**ST. LOUIS TEACHERS ASSOCIATION et al., Plaintiffs-Appellants,**

v.

**BOARD OF EDUCATION OF the CITY OF ST. LOUIS et al., Defendants-Respondents.**

No. 33941.

St. Louis Court of Appeals, Missouri.

April 27, 1971.

Moser, Marsalek, Carpenter, Cleary & Jaeckel, Donald L. James, James E. Whaley, St. Louis, for plaintiffs-appellants.

Lyng & MacLeod, Russell N. MacLeod, St. Louis, for defendants-respondents.

WEIER, Commissioner.

This appeal arises out of the action of the trial court sustaining defendant's motion to dismiss plaintiffs' petition. The appeal was first taken to the Supreme Court of Missouri for the reason stated by plaintiffs that the cause involved a constitutional issue. That court found there was no mention made of the constitutional issue in the "Points Relied On" in plaintiffs' brief. Since no other jurisdictional ground existed, and the constitutional issue was not properly raised or preserved, the case was transferred to this court. St. Louis Teachers Association v. Board of Education of the City of St. Louis, Mo., 456 S.W.2d 16.

The allegations of the petition have been extensively summarized in the opinion of the Supreme Court. The contents of the motion to dismiss have been quoted in their entirety. Therefore, in order to prevent useless repetition, we will not attempt to re-do that which has already been well done. For those who desire a full account, we refer them to the previous opinion. For those who have only a casual interest, we will say that the petition, in two counts, sought a declaration in Count I that the Board of Education "may" enter into an agreement to negotiate with a teachers' organization on matters of mutual concern; that the board "may" negotiate exclusively with one organization; that such agreement "may" be reduced to writing; that unresolved issues "may" be referred to a fact-finding committee; that an election is the proper method to determine an exclusive organization; and, further that the board members be enjoined from making public statements that it would be illegal for the board to deal with a teachers' organization. Count II prayed that the court declare the board "must" meet with a duly authorized representative of the teachers within the guidelines sought to be established in Count I.

To support their requests for this relief, the plaintiffs alleged facts in Count I which are adopted by reference in Count II, to the effect the St. Louis Teachers Association has requested the board to recognize that it represents the greatest number of teachers in the City of St. Louis and is therefore a legitimate negotiating agent for these teachers. It then relates that the board has denied this request and has stated as its reason that it would be illegal for it to enter into the negotiation of agreements with such an organization. The petition further states the board has denied it has authority to recognize an exclusive negotiating agent on behalf of the teachers. It is also alleged that members of the school board "have stated repeatedly and have announced to the public media of press and television that the desire of the St. Louis Teachers Association to represent its members and the desire of the members to secure such representation, * * * is illegal." This, it is stated, damages the reputation of the teaching profession and has caused irreparable harm.

■ Plaintiffs contend the trial court erred in sustaining defendant's motion to dismiss the petition. They assert it stated a justiciable controversy which was a proper matter for submission in a declaratory judgment action. Defendant counters by maintaining that the petition does not demonstrate the existence of a justiciable controversy. We conclude that we must agree with defendant.

It is true that the petition alleges repeated requests to the board that it recognize the teachers association as representative of the greatest number of teachers in the City of St. Louis and that it should therefore be recognized as the negotiating agent for the teachers. This is coupled with an allegation of denials of these requests by the board. But nowhere is it alleged that teachers who are members of plaintiff association have appointed the association as their bargaining agent to represent them in negotiating with the board on any specific or definite problem or request for board action. Nowhere is it stated that association representatives presented or attempted to present a specific or definite problem, grievance or request to the board and that the board refused them audience. There are no allegations as to the nature of the problem or problems which they have attempted to discuss or negotiate. A definite statement of facts describing a controversy ripe for determination is nowhere to be found. The petition merely alleges in a very general and nebulous fashion some difference of opinion in a general matter of concern and asks the court for an advisory opinion on related legal problems which may or may not come to pass.

In speaking of the requirements of presenting a justiciable controversy under

the Declaratory Judgments Act, Chapter 527, RSMo 1969, V.A.M.S., City of Joplin v. Jasper County, Mo., 349 Mo. 441, 161 S. W.2d 411, 412[3, 4] declared that the court must be presented with a controversy which is "appropriate for judicial determination—a case admitting of specific relief by way of a decree or judgment conclusive in character and determinative of the issues involved. * * * There must be a sufficiently complete state of facts presenting issues ripe for determination before a court may declare the law. 'A mere difference of opinion or disagreement or argument on a legal question affords inadequate ground for invoking the judicial power.' " (Citations omitted.) Thus, in Land Clearance for Redevelopment Authority of City of St. Louis v. City of St. Louis, Mo., 270 S.W.2d 58, 62[1, 2], where both plaintiff and defendant were mutually desirous of consummating the plans and merely wanted an advisory opinion whether their acts could be successfully challenged by an adversely interested third party, no actual controversy existed. In Transport Manufacturing & Equipment Company v. Toberman, Mo., 301 S.W.2d 801, the facts alleged in the plaintiff's petition described generally a motor truck leasing arrangement and prayed for a declaration of plaintiff's status and the status of the trucks under the motor vehicle registration laws. In approving the dismissal of the petition, the court said (l. c. 806): "All a court could do would be to state a hypothetical case in which essential facts necessary for a determination would have to be assumed and on such assumed facts draw a conclusion of law. Such a decree would not settle any question and would be wholly advisory."

In the present case the petition did not set out facts concerning a specific and definite offer or attempt by plaintiffs to open negotiations with defendant in regard to a certain and definite problem which plaintiffs urge as a proper and suitable matter for negotiation. Furthermore, the petition fails to seek any declaration of legal relations under a statute as authorized by Section 527.020, RSMo 1969, V.A.M.S. No reference is made in the petition to Section 105.510, RSMo 1969, V.A.M.S., which authorizes public employes to organize and bargain collectively but excludes teachers of all Missouri schools.[1] Absent facts of actual controversy, nothing remains except an argument or disagreement on a legal question with a request for advice.

■ Although not relied on in plaintiffs' brief, it could be argued that the portion of Count I seeking an injunction should not have been dismissed. Examination of the pleading, however, reveals that it alleges the members of the Board of Education have stated that the desire of the teachers' association to represent its members and the desires of the members of the association to secure such representation are illegal. The prayer does not seek to enjoin this. Rather, it seeks to enjoin the members of the board from saying that it is illegal for the Board to deal with a teachers' association.

We conclude the court below was justified in sustaining the motion and dismissing the petition.

We distinguish the case of City of Camdenton v. Sho-Me Power Corp., Mo., 237 S.W.2d 94, relied on by plaintiffs. There the city was planning on purchasing or constructing an electrical distribution system. A bond issue had been approved by the voters. The defendant utility contended it had the right to continue serving the public and the city beyond the expiration of its franchise because of a lighting contract executed by the mayor and city clerk, without the consent of the voters, and as to which there was no approval by the city

---

1. In this connection, the exclusion of teachers from this section has been held not to render the statute unconstitutional on the basis of an arbitrary and unconstitutional classification. State ex rel. Missey v. City of Cabool, Mo., 441 S.W. 2d 35, 43 [15].

council. The utility also claimed utility rights in the city by reason of conveyances from the original dedicators who had reserved the right to locate, build, maintain and operate light and power lines in the deed of dedication. Involved, aside from interpretation and application of the contract and reservation, was the effect of statutes on the rights of the parties. It was true the franchise would not expire until after the bringing of the suit, but in answer to defendant's contention that there was no justiciable controversy, the court pointed out that the city would have to commence construction to meet the deadlines set by the franchise expiration unless the defendant's service time would be extended by the contract and deeds. The bond issue might not be saleable unless the city received an affirmative answer to its contention that the utility's right to maintain its system expired at the conclusion of the franchise. As indicated by the court, Section 527.030, RSMo 1969, V.A.M.S., specifically provides for such an action prior to a breach of contract. These facts are easily distinguishable from those in the case before us.

The remaining point relied on by plaintiffs to reverse the judgment below is as follows:

"The Board of Education of the State of Missouri was created by the legislature and derives all its power and duties therefrom, and therefore, its subdivisions thereof are subject to the powers and duties delegated."

Setting out this abstract statement without pointing out how it is related to any action or ruling of the trial court is contrary to Civil Rule 83.05(e), V.A.M.R. Such a statement preserves nothing for appellate review. Chase Realty Company v. Dorel Company, Mo.App., 447 S.W.2d 814, 815[1].

No complaint has been made about the trial court dismissing the petition without leave to amend. Rather, after the original order was entered, plaintiffs requested and obtained a nunc pro tunc correction of the order to show that the dismissal was with prejudice.

Judgment is affirmed.

PER CURIAM:

The foregoing opinion by WEIER, C., is adopted as the opinion of this Court. Accordingly, judgment is affirmed.

BRADY, P. J., and DOWD, J., concur.

WOLFE, J., not participating.