Edward NEIDHART et al., Plaintiffs-
Appellants,

v.

AREACO INVESTMENT COMPANY, a cor-
poration and Art Collins, Defend-
ants-Respondents.

No. 35809.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Oct. 8, 1974.

Thurman, Nixon, Smith, Howard, Weber & Bowles, Joseph P. Cunningham, III, Hillsboro, for plaintiffs-appellants.

Roberts & Roberts, V. Kenneth Rohrer, Farmington, for defendants respondents.

SMITH, Presiding Judge.

Plaintiffs appeal from a judgment in a court-tried case denying them equitable and monetary relief on all four counts of their petition. Plaintiffs are landowners in Rocky Ridge Ranch subdivision; defendant Areaco Investment Company is the developer of Rocky Ridge, defendant Collins is the president of Areaco.

Although the judgment was against plaintiffs on all counts, plaintiffs' brief premises error only in the dismissal of Count I. We therefore limit our consider-

ation to Count I and regard plaintiffs as having abandoned any errors in the judgment as it pertains to Counts II, III and IV. Count I seeks a declaratory judgment invalidating certain amendments to the restrictions governing the subdivision, and a declaration of defendants' authority to modify the original restrictions executed April 6, 1966. In July 1970 a consent judgment was entered by the Court in another lawsuit between Rocky Ridge Ranch Homeowners Association and Areaco. That consent judgment declared the purported amendments to the restrictions to be "invalid and held for naught and be stricken and expunged from the records of the Recorder of Deeds Office . . ." That judgment pertained to and held invalid the same amendments to the restrictions that plaintiffs sought to have the court hold invalid in Count I. There was therefore nothing in existence to which the court's injunctive power could be directed; the judgment in July 1970 rendered Count I moot.

Plaintiffs contend, however, that the July 1970 judgment did not declare the defendants' authority to modify the restrictions in the future and that such was properly before the court on plaintiffs' prayer for declaratory judgment. There was no indication that defendants intended to modify the restrictions in view of the July 1970 decree. For a court to declare what plaintiffs seek would be no more and no less than an advisory opinion. Where a dispute as to legal rights is shown, violation of those rights is not a precondition to the availability of declaratory adjudication. Higday v. Hickolaus, 469 S.W.2d 859 (Mo.App.1970) [6]. But declaratory relief is not designed to adjudicate hypothetical or speculative conditions which may never come to pass. M. F. A. Mutual Ins. Company v. Hill, 320 S.W.2d 559 (Mo.1959) [9]. The dispute must be ripe for determination before the court can declare the law. "Absent facts of actual controversy, nothing remains except an argument or disagreement on a legal question with a request for advice." St. Louis Teachers Assn. v. Board of Education, 467 S.W.2d 283 (Mo.App.1971) [1].

At this point there is not even evidence of a dispute over legal rights. Whether any such dispute will hereafter erupt or whether defendants will attempt another amendment of the restrictions in a manner even arguably inconsistent with the original restrictions is highly speculative and totally contingent.

Defendants' motions to dismiss and for damages for frivolous appeal are denied.

Judgment affirmed.

CLEMENS, McMILLIAN and GUNN, JJ., concur.