**WESTSIDE ENTERPRISES, INC.,**
**Plaintiff-Appellant,**

v.

**The CITY OF DEXTER, a Municipal**
**Corporation, Defendant-Respondent.**

**No. 10479.**

Missouri Court of Appeals,
Springfield District.

Dec. 6, 1977.

Gary L. Smith, Smith & Holden, P. C., Dexter, for plaintiff-appellant.

Paul McGhee, Dexter, for defendant-respondent.

Before BILLINGS, C. J., and TITUS and FLANIGAN, JJ.

TITUS, Judge.

Plaintiff petitioned for a declaration as to the permissible uses of its property under the zoning ordinance of the City of Dexter. The petition raised issues as to whether the ordinance classified the land as single-family residential (R–1), whether plaintiff had a vested right in a commercial use and whether, if the ordinance classified the land R–1, it was invalid as applied. Although the trial court received evidence on these issues, it did not declare plaintiff's rights but dismissed the petition. Plaintiff, on appeal, regarding the dismissal as a declaratory judgment, presents four points of error in the court's implied findings and holdings. We view the dismissal as not having reached the merits and affirm.

The land in issue is Outlot No. 2 of Ridgetop Acres, a residential subdivision in Dexter. The plat of the subdivision shows two outlots crosshatched and marked "Commercial Area." The Zoning Map merely copies the plat including the crosshatching and "Commercial Area" markings but places the reproduction in a boldly outlined area marked "R–1". The ordinance incorporates the zoning map with "all its notations, references, and other information shown thereon . . . as if the notations, references,

and other matters set forth by said map were all fully described [therein]." These facts give rise to the issue of whether the ordinance includes the outlot in the single-family residential district or preserves a commercial use.

Plaintiff's president testified that, although he frequently looked at the map, he did not believe the land was included in the R-1 district until a prospective buyer, intending to build a real estate office and apartment buildings, refused to go through with the deal. The president said, "I don't know, I think he was trying—went to get a permit." Subsequently, plaintiff initiated procedures to get a zoning change, but the Zoning Commission refused to recommend, and the Board of Aldermen to approve, a zoning change. Although the ordinance, in conformity with § 89.100, V.A.M.S., empowers the Board of Adjustment "[t]o hear and decide appeals where it is alleged there is an error in any order, requirement, decision or determination made by the Zoning Inspector in the enforcement of [the] Ordinance, and may affirm or reverse, in whole or part, said decision of the enforcement officer", the plaintiff did not seek a decision from the Zoning Inspector as to the classification of the outlot and so did not appeal such decision to the Board of Adjustment. Instead, it filed its petition for declaratory judgment which was amended, on the day of trial, to raise the issue of the classification of the outlot.

█ An adequate administrative remedy must be exhausted before a court may give injunctive or declaratory relief from the provisions of a zoning ordinance. *Evans v. Roth*, 356 Mo. 237, 244, 201 S.W.2d 357, 360–361 (banc 1947); *American Hog Company v. County of Clinton*, 495 S.W.2d 123, 126[6] (Mo.App.1973). Such a remedy is exclusive and failure to exhaust it deprives a court of jurisdiction to give equitable or declaratory relief. *Ackerman v. City of Creve Coeur*, 553 S.W.2d 490, 491[1] (Mo. App.1977). Exhaustion of adequate administrative remedies has been held to include application for such remedy as well as appeal of an unsatisfactory decision to an administrative body. *Bormann v. City of Richmond Heights*, 213 S.W.2d 249, 253[7] (Mo.App.1948). Since plaintiff neither applied to the Zoning Inspector for a decision as to whether his land was classified R-1 nor appealed an unsatisfactory decision to the Board of Adjustment, plaintiff failed to exhaust adequate administrative procedures. Thus, the circuit court lacked jurisdiction to declare whether the ordinance placed the outlot in the classification of R-1. We, therefore, approve its dismissal of the petition without such declaration.

Although it is generally *said* that the exhaustion of administrative remedies is *not* required where petitioner challenges the validity of a zoning ordinance [*Women's Christian Ass'n of Kansas City v. Brown*, 354 Mo. 700, 709, 190 S.W.2d 900, 906[12] (1945); 82 Am.Jur.2d, Zoning and Planning, § 333, at p. 904], well reasoned cases in other jurisdictions do not except challenges to validity from the exhaustion requirement [*State ex rel. Lieux v. Village of Westlake*, 154 Ohio St. 412, 96 N.E.2d 414, 416–417[2] (1951)] or confine this exception to cases where the validity of the ordinance is being attacked in its entirety, and do require exhaustion where the validity of the ordinance is being challenged in its application to a particular parcel. *Metcalf v. Los Angeles County*, 24 Cal.2d 267, 148 P.2d 645, 647[2] (1944); *West v. City of Wichita*, 118 Kan. 265, 234 P. 978, 979 (1925). The following principles were held to dictate these refusals to make the exception: (1) Constitutional questions should not be decided unnecessarily, *State ex rel. Lieux, supra*, 96 N.E.2d at 415[1]; (2) until the application for variance or exception is made and acted upon, the legislative process remains incomplete for those procedures were included to avoid unreasonable applications, *Metcalf, supra*, 148 P.2d at 647[3]; (3) until a city has determined that the contemplated use is prohibited, there is no actual controversy between the owner and the city, *West, supra*, 234 P. at 979[2]. Equally well reasoned cases have rejected the exhaustion requirement for challenges to the validity of an ordinance as applied where the administrative remedy was found to be inadequate.

*Burt Realty Corp. v. City of Columbus,* 21 Ohio St.2d 265, 257 N.E.2d 355, 357–358[1] (1970); *Wyrostok v. Town of Hempstead,* 16 Misc.2d 554, 176 N.Y.S.2d 441, 443–444[4] (1958).

■ Plaintiff sought a declaration that, if the ordinance classified his land R–1, it was invalid as applied because not reasonably necessary for any police power objective. He applied for and was denied a zoning change by the Zoning Commission and the Board of Aldermen; so that remedy was pursued. Since the ordinance does not permit use-variances the variance procedure is not adequate. On the other hand, there is a serious interpretive issue that could have been but was not presented to the city. If the city administrative bodies are moved, by a combination of the ambiguity of the ordinance and plaintiff's argument as to the unreasonableness of the R–1 classification, to decide that the land is not classified R–1, then there would be no issue as to the validity of the ordinance as applied. We believe, therefore, that the question of the validity of the ordinance as applied is not justiciable until the city has decided whether the ordinance does include plaintiff's land in the single-family residential district. *Flora Realty & Investment Co. v. City of Ladue,* 362 Mo. 1025, 1042, 246 S.W.2d 771, 780[11] (banc 1952), appeal dismissed 344 U.S. 802, 73 S.Ct. 41, 97 L.Ed. 626. See also, *Tintera v. Planned Industrial Expansion Authority,* 459 S.W.2d 356, 358[3] (Mo.1970); *Neidhart v. Areaco Investment Company,* 514 S.W.2d 831, 832[5] (Mo.App.1974). Cf. *Ewing v. City of Springfield,* 449 S.W.2d 681, 687[6] (Mo. App.1970). Therefore, we approve the circuit court's refusal to declare whether the zoning ordinance of the City of Dexter is invalid as applied to Outlot No. 2.

Plaintiff's brief indicates that, by its petition and evidence, it sought to establish that it had a vested right in a commercial use of its undeveloped land and that the city was estopped to deny such use. Until the city has resolved the serious issue as to whether the ordinance does classify plaintiff's land R–1, we believe that plaintiff has not been denied a commercial use and the city has not threatened to do anything it may be estopped from doing. These issues are nonjusticiable until administrative remedies are exhausted. Therefore, the circuit court was correct in dismissing plaintiff's petition as to these issues.

The dismissal is affirmed.

All concur.