N. G. HEIMOS GREENHOUSE, INC. et al., Plaintiffs-Respondents,

v.

CITY OF SUNSET HILLS et al., Defendants-Appellants.

No. 41648.

Missouri Court of Appeals, Eastern District, Division Two.

March 18, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 18, 1980.

Application to Transfer Denied May 13, 1980.

Robert C. Jones, Harold A. Tzinberg, Ziercher, Hocker, Tzinberg, Human & Michenfelder, Clayton, for defendants-appellants.

Robert J. Koster, King & Koster, St. Louis, for plaintiffs-respondents.

GUNN, Presiding Judge.

N. G. Heimos Greenhouse, Inc. and its owners filed suit for declaratory judgment against the City of Sunset Hills seeking to declare their use of property as a legitimate nonconforming use. They further sought to enjoin the City from prosecuting them for alleged zoning and building code violations. The City counterclaimed seeking equitable relief to enjoin the plaintiffs from conducting certain operations alleged to be an illegal expansion of a nonconforming use and for the removal of offending structures. The trial court found plaintiffs' operations to be a proper nonconforming use and granted the relief which they sought. The City's counterclaim was denied.

We find that administrative remedies have not been exhausted—an indispensable jurisdictional requisite to judicial determination of the issues. Hence, the cause must necessarily be remanded, even though remand is not salutary to the interest of judicial economy.

Plaintiffs purchased a sixteen acre tract of land in Sunset Hills in 1974 for nursery-greenhouse purposes. From 1928 to 1974 when plaintiffs made the purchase, a wholesale florist business with three greenhouses had been conducted on a portion of the sixteen acres. At the time of the City's incorporation in 1957 use of the property for greenhouse-nursery purposes was a permitted use. But in 1974, zoning of the tract was changed to residential with nursery-greenhouse use allowed only as a conditional use upon issuance of a conditional use permit. Plaintiffs' continued operations were based on a nonconforming use.

In 1978 plaintiffs made plans to erect crop covers on portions of the land which had previously been utilized for growing outdoor plants. Inquiry was made of the City regarding the need for permits for the crop covers. Based on information supplied by the plaintiffs, the City engineer informed them that no permits were necessary. They proceeded to implement plans by erecting crop covers having a total area of 122,000 square feet and housing gas fired heaters and ventilating fans. Plaintiffs also did some grading on the property, extended the productive usage to a former dross area, constructed a six-foot barbed wire fence, changed the parking lot surface and enlarged an outdoor advertising sign. Complaints from neighbors about plaintiffs' operations brought about a reconnoitering by the City's engineer with consequential disapprobative action in June, 1978. Plaintiffs were notified by the City engineer and St. Louis County's director of public works [1] that certain electrical, mechanical and plumbing permits were required; that as a condition precedent to the issuance of the required permits, plaintiffs would need to file for and obtain a conditional use permit for their nursery operations in a residential zoned area.

The City has contended that the construction of the crop cover structures [2] constitutes an unlawful expansion of the nonconforming use. Plaintiffs assert that their operations constitute a legal nonconforming use for the entire sixteen acre tract and that the installation of the crop covers with their attachments was in furtherance of its lawful operations. Plaintiffs initially filed an appeal from the City engineer's order to the City board of adjustment, but it was withdrawn. No application for a conditional use permit was filed and the City bombarded plaintiffs with a flurry of summonses for offenses arising out of an alleged illegal expansion of a nonconforming use and for the construction of the crop covers without permits, the installation of heating and ventilating units, the construction of a

---

1. The St. Louis County Department of Public Works provided the building code inspection and enforcement functions under contract with Sunset Hills.

2. For an interesting treatment of municipal regulations of "structures", see: *Easy Living Mobile Manor, Inc. v. Eureka Fire Protection Dist.*, 513 S.W.2d 736 (Mo.App.1974).

fence and changes in the parking lot and advertising sign.[3]

The City argues and we are constrained to agree that inasmuch as the plaintiffs failed to exhaust their administrative remedies, the trial court erred in failing to dismiss the petition for declaratory judgment. "The exhaustion of administrative remedies is a jurisdictional requirement for a declaratory judgment action." *State ex rel. J. S. Alberici, Inc. v. City of Fenton*, 576 S.W.2d 574, 577 (Mo.App.1979).[4] Chapter 89, RSMo 1978 and Sunset Hills, Mo., Code, App. B—Zoning Regulations, § 12 (1976), enacted pursuant to Chapter 89, provide the administrative machinery and exclusive method of review before resort to equitable relief for those aggrieved by any "order, requirement, decision or determination made by the zoning enforcement officer, [or] city engineer. . . ." Sunset Hills, Mo., Code, *supra*, § 12.6. And the precept of complete exhaustion of administrative remedies provided prior to seeking equitable relief is ineradicable. *J. S. Alberici, Inc.; Westside Enterprises, Inc. v. City of Dexter*, 559 S.W.2d 638 (Mo.App.1977); *Ackerman v. City of Creve Coeur*, 553 S.W.2d 490 (Mo.App.1977).[5] Section 89.100, RSMo 1978 provides that the appeal procedures stay all other proceedings against the property owner, and § 89.110 allows review by the circuit court of unfavorable rulings by the City's board of adjustment. *See: Mullen v. City of Kansas City*, 557 S.W.2d 652 (Mo. App.1977).

Plaintiffs contend that they are immune from the exhaustion of remedies doctrine by reason of their legal nonconforming use of the entire sixteen acre tract. But they are confronted by an impenetrable revetment of legal rubric concerning legal remedies exhaustion. Their theory has been repeatedly and specifically rejected. *Glencoe Lime & Cement Co. v. City of St. Louis*, 341 Mo. 689, 108 S.W.2d 143 (1937); *American Hog Co. v. County of Clinton*, 495 S.W.2d 123 (Mo.App.1973); *Bormann v. City of Richmond Heights*, 213 S.W.2d 249 (Mo. App.1948). The time has not yet arrived for a judicial determination of whether the plaintiffs' use of the entire sixteen acre tract constitutes a lawful nonconforming use. Rather, the propriety of the City engineer's determination that plaintiffs must obtain a conditional use permit because of an alleged illegal expansion of the use is the issue which must pass through the administrative processes of Chapter 89 and the City's zoning code.[6]

The City has urged us to dismiss plaintiffs' petition for declaratory judgment, which we have ordered. But it also asks us to act favorably on its counterclaim for injunctive relief by ordering the removal of the alleged ordinance offending improvements. Although § 510.170, RSMo 1978, provides that the dismissal of a plaintiff's petition does not act to operate as a dismissal of a counterclaim, orderly process under the circumstances of this case compels remand of the entire proceedings for dismissal so that proper administrative proceedings may be followed. *See: Evans v. Brussel*, 300 S.W.2d 442 (Mo.1957), *cert. denied* 362 U.S. 919, 80 S.Ct. 673, 4 L.Ed.2d 740 (1960). We need not expatiate further on the counterclaim issue.

The cause is remanded for dismissal of proceedings.

STEPHAN and PUDLOWSKI, JJ., concur.

---

3. Plaintiffs entered not guilty pleas in the municipal court proceedings.

4. Application of equity to enjoin enforcement of a municipal ordinance is tightly circumscribed—where the ordinance is unconstitutional or invalid with enforcement resulting in an irreparable injury to a property right. *State ex rel. Cervantes v. Bloom*, 485 S.W.2d 446 (Mo.App.1972).

5. *See*: Note, *Exhaustion of Remedies in Zoning Cases*, 1964 Wash.U.L.Q. 368.

6. The issue in this case is not whether a legal conforming user must seek a conditional use permit as the City suggests. In this regard, *see: State ex rel. Great Lakes Pipeline Co. v. Hendrickson*, 393 S.W.2d 481 (Mo.1965), and *State ex rel. Keeven v. City of Hazelwood*, 585 S.W.2d 557 (Mo.App.1979).