John SHAFFER, et al.,
Plaintiffs/Respondents/Cross–Appellants,

v.

CITY OF PACIFIC, et al.,
Defendants/Appellants/
Cross–Respondents.

Nos. 58500 and 58539.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 16, 1991.

Timothy Joseph Melenbrink, Union, for defendants/appellants/cross-respondents.

Stanley Dale Williams, St. Clair and David L. Baylard, Briegel, Dempsey, Bay-

lard & Patane, Union, for plaintiffs/respondents/cross-appellants.

REINHARD, Presiding Judge.

Plaintiffs filed suit for declaratory judgment in the circuit court against the City of Pacific and its building inspector, John Berra, seeking a declaration that their use of property was a "valid nonconforming use." Plaintiffs also alleged an inverse condemnation by the City. The trial court granted defendants' motion to dismiss the inverse condemnation count, but denied defendants' motion to dismiss the declaratory judgment action, and after a hearing, issued an order decreeing that plaintiffs' operations were a "grandfathered" non-conforming use. Defendants appeal from the denial of their motion to dismiss, and from the trial court's judgment. Plaintiffs cross-appeal from the dismissal of the inverse condemnation action. We remand.

Plaintiff John Shaffer owns the land upon which he operates Shaffer's Mobile Home Court. Plaintiff Billie Dickerman operates Dickerman's Mobile Home Court on land leased from plaintiff A.M. Prichett, Sr. Since long before the City of Pacific enacted zoning ordinances, Shaffer's and Dickerman's Courts have rented concrete or gravel pads with accompanying electrical, water, and sewer hookups to third parties owning mobile homes. In March, 1987, the City of Pacific enacted Ordinance No. 1481, which set standards for, among other things, the placement of mobile homes within areas subject to 100 and 500 year floods, and required permits for any man-made changes to improved or unimproved real estate within the flood zones. Within a section entitled "Non–Conforming Use," the ordinance provided that a use of a structure or premises lawful before passage of the ordinance could be continued, although it was not in conformity with the ordinance, unless the use was discontinued for three months or became a nuisance.

After the ordinance was passed, John Berra, the building inspector and zoning officer designated to enforce the ordinance, informed the operators of Shaffer's Mobile Home Court in writing that placement of a mobile home on a pad vacated by a former renter would be in direct violation of Ordinance No. 1481, and ordered removal of the mobile home. The inspector testified his policy was that mobile homes brought into the flood zones defined by the ordinance must comply with standards provided by the ordinance. He also testified that he had communicated this to the operators of Shaffer's and Dickerman's Courts. Undisputedly, the City did not contest the placement of mobile homes on vacated pads before the passage of the March, 1987 ordinance, although two prior ordinances regulated use of land within the flood plain. Although Shaffer's and Dickerman's Courts clearly are within the City of Pacific, they are not entirely within the flood zones regulated by the ordinance. Instead of filing an appeal of the building inspector's determination with the City's Board of Zoning Appeals, plaintiffs brought this action.

Defendants contend that plaintiffs must exhaust their administrative remedies by appealing the building inspector's determination to the Board of Zoning Appeals as a jurisdictional prerequisite to maintaining a declaratory judgment action. This case is governed by the landmark case of *N.G. Heimos Greenhouse, Inc. v. City of Sunset Hills*, 597 S.W.2d 261 (Mo.App.1980). In *Heimos*, plaintiffs filed suit for declaratory judgment against the City of Sunset Hills seeking a declaration that their operations were a legitimate prior non-conforming use. On appeal from the trial court's decree granting plaintiffs' requested relief, Judge Gunn spoke for our court, saying:

The City argues and we are constrained to agree that inasmuch as the plaintiffs failed to exhaust their administrative remedies, the trial court erred in failing to dismiss the petition for declaratory judgment. "The exhaustion of administrative remedies is a jurisdictional requirement for a declaratory judgment action." *State ex rel. J.S. Alberici, Inc. v. City of Fenton*, 576 S.W.2d 574, 577 (Mo.App.1979). ... Plaintiffs contend that they are immune from the exhaustion of remedies doctrine by reason of their legal non-conforming use of the en-

tire sixteen acre tract. But they are confronted by an impenetrable revetment of legal rubric concerning legal remedies exhaustion. Their theory has been repeatedly and specifically rejected. (Citations omitted). The time has not yet arrived for a judicial determination of whether plaintiffs' use of the entire sixteen acre tract constitutes a lawful nonconforming use. 597 S.W.2d at 263.

Here, as in *Heimos*, exhaustion of administrative remedies is a jurisdictional requirement for maintaining a declaratory judgment action of this nature. Chapter 89 of the Missouri Revised Statutes, authorizing cities to enact zoning regulations, and the City of Pacific's Ordinance No. 1481 provide for a board to hear and decide appeals where there is error in any "requirement, decision, or determination" made by an administrative official in the enforcement or administration of the ordinance. Section 89.090, RSMo 1986; City of Pacific Ordinance No. 1481, § 8.1–8.2. We have reviewed the cases cited by plaintiff, and conclude that this case is governed by *Heimos*. Because the circumstances compel remand of the entire proceedings for dismissal, we need not address the other allegations of error raised here.

The cause is remanded for dismissal of the proceedings.

STEPHAN and CRANE, JJ., concur.