354 F.Supp. 90 (1972)
Edward FITZGERALD et al., Plaintiffs,
v.
Robert di GRAZIA, Supt. of Police, et al., Defendants.
No. 72 C 195(2)
United States District Court, E. D. Missouri, E. D.
December 27, 1972.
*91 London & Greenberg, St. Louis, Mo., for plaintiffs.
Geo. F. Gunn, Jr., St. Louis County Counselor and Andrew J. Minardi, Associate County Counselor, Clayton, Mo., for defendants.

MEMORANDUM AND OPINION
REGAN, District Judge.
In this action for declaratory and injunctive relief under Section 1983, 42 U.S.C., defendants have moved to dismiss the complaint as amended. Joined as plaintiffs are police officers who are members of the St. Louis County Police Officers Association and the Association of which they are members. Defendants are the Superintendent of Police, the County Counselor of St. Louis County, St. Louis County, and the members constituting the St. Louis County Board of Police Commissioners.[1]
The amended complaint alleges that the individual plaintiffs are desirous of forming a labor organization and presenting proposals to public bodies relative to conditions of employment and to present petitions and grievances in collective manner. The Association wishes to pursue appropriate measures to gain recognition as the representative of officers and employees of the St. Louis County Police Department and to present in a collective manner proposals relating to salaries and other conditions of employment of said officers and employees in accordance with Section 105.520, Revised Statutes of Missouri, V.A. M.S.[2] It is further alleged that the Superintendent of the Police Department rejected plaintiffs' proposal that plaintiffs meet with him to discuss matters pertaining to welfare of the officers on the ground that Section 105.510, Revised Statutes of Missouri, V.A.M.S., prohibits police officers and associations from presenting proposals relative to salaries and other conditions of employment, and that the Board through its Chairman "reaffirmed" the position taken by the Superintendent.
It further appears from the complaint that the County Counselor rendered an opinion to the Superintendent to the effect that Section 105.510 denies to police officers the right to form and join labor organizations and to present proposals to any public body relative to salaries and other conditions of employment, and that disciplinary action could be taken against a member of the Association for *92 actions performed by him as a member thereof, if such action were contrary to the Department Code of Discipline and Ethics. This Code, promulgated by the Board of Police Commissioners, provides in relevant part that an officer is in violation thereof if he contacts any member of the Board or any official of the State, County or public with respect to any matter concerning the internal affairs of the Department without authorization of the Superintendent or if he signs or circulates, or encourages the signing or circulating of any petition or statement regarding any matter concerning the Department except through the proper channels of correspondence to the Superintendent of Police.
Plaintiffs allege that by reason of the opinion rendered by the County Counselor and by the action of the Superintendent and the president of the Police Board (in effect threatening disciplinary action under the Code), plaintiffs have been deprived of their rights under the First, Fifth and Fourteenth Amendments of the Constitution of the United States in that they have been deprived of the right to organize and to petition for redress of grievances either collectively or individually. Plaintiffs seek a declaratory adjudication that Section 105.510 is unconstitutional on its face and as applied, that the provisions of the Code of Discipline and Ethics of the Police Department are unconstitutional on their face, and further pray that defendants be enjoined from enforcing the statute and Code provisions.
For purpose of the motion to dismiss we must take as true the well-pleaded allegations of the complaint. As concerns the Code of Discipline and Ethics, we note the absence of any allegation that the very broad prohibitions thereof which purport to drastically limit the First Amendment rights of employees of the police department have ever been enforced. In this connection we have read the letters which defendants have attached to their memorandum in support of their motion to dismiss which on their face would indicate that plaintiffs have overstated the threatened action of the Superintendent. For one thing, the letter from the County Counselor adverted to in the complaint would not appear to be susceptible to the construction placed upon it by plaintiffs. For another, the letters show that with apparent impunity plaintiffs have in fact taken actions which would appear to be violative of the broad language of the Code. However, plaintiffs do allege that disciplinary action has actually been threatened by the Superintendent of Police against any police officer deemed to be in violation of the Code (presumably inclusive of the Code provisions here at issue), so that whatever may be the actual facts, the pleading governs on the motion to dismiss.
In addition, relying on cases such as Muller v. Conlisk, 7 Cir., 429 F.2d 901, plaintiffs assert that the questioned portion of the Code of Discipline and Ethics is unconstitutional on its face in that it denies them rights guaranteed under the Constitution, namely the right to freedom of speech and the right to petition for redress of grievances. The individual plaintiffs have standing to assert such a claim.
Parenthetically, it occurs to us that if, as would appear from the letter exhibits filed by defendants, the literal language of Code provisions are not invoked by defendants and thus serve no purpose, this issue could well be eliminated from the case if the regulations were rescinded. To this end, defendants should consider whether the provisions complained of contravene the ruling of the Missouri Supreme Court en banc in City of Springfield v. Clouse, 356 Mo. 1239, 206 S.W.2d 539, 542, to the effect that "(a)ll citizens have the right, preserved by the First Amendment to the United States Constitution and Sections 8 and 9 of Article I of the 1945 Missouri Constitution, Sections 14 and 29, Art. 2, Constitution of 1875, to peaceably assemble and organize for any proper purpose, to speak freely and to present their views and desires to any public officer or legislative body." And as appears from the *93 complaint, plaintiffs have in fact organized.
As for the statute complained of, Section 105.510, we find nothing therein which in terms prohibits police officers from organizing or from presenting proposals, either individually or through representatives of their choosing, to any public body, nor is there any provision therein which authorizes a public employer to penalize a police officer who submits proposals to it, either individually or collectively.
For purposes of this action plaintiffs have accepted without question the construction which defendants have allegedly placed upon the statute, and on that premise seek relief. The issue presented by the complaint is a very narrow one. Plaintiffs seek the rights which Missouri law accords to certain other public employees under Section 105.500 et seq. The right to bargain collectively is not one of those rights, since no employee of a public body in Missouri may bargain collectively. What plaintiffs appear to be fearful of is disciplinary action allegedly threatened under the Code of Discipline and Ethics.
Whether a federal constitutional issue is really involved as to Section 105.510 is far from clear. In the factual context of this case the statutory section complained of has never been authoritatively construed by the Missouri courts. In our view, the unresolved issue of state law is uncertain, and since the determination thereof may well render unnecessary the resolution of any federal constitutional issue, we deem it appropriate that we abstain from construing the statute or determining the nature of any limitations upon the right of police officers to form and join organizations. We also question whether the matters complained of by plaintiffs with respect to Section 105.510 are presently ripe for declaratory adjudication (Cf. St. Louis Teachers Association v. Board of Education of the City of St. Louis, Mo.App., 467 S.W.2d 283), particularly after the resolution of the issue pertaining to the Code of Discipline and Ethics. Plaintiffs should promptly seek an adjudication in the state courts respecting the application of the statute upon their organizational rights.
As stated supra, one of the defendants is the County Counselor of St. Louis County. His sole connection with the controversy is as the lawyer for the other defendants, having rendered an opinion which plaintiffs allege is being followed by other defendants. We hold that no claim is stated against the County Counselor.
Although we have concluded to abstain from considering the issue as to Section 105.510, there is still an issue respecting the Code of Discipline and Ethics, and for that reason, the motion to dismiss is overruled as to all movants other than the County Counselor and sustained as to the County Counselor of St. Louis County.
NOTES
[1] We judicially know that the defendant Superintendent of Police has since resigned to accept a similar post in Boston, Massachusetts.
[2] This section, applicable to most public employees but not to police officers, requires a public body or its representatives to meet, confer and discuss problems relative to salaries and other conditions of employment with a labor organization which is the exclusive bargaining representative of its employees in "a unit appropriate", and to present in written form to the appropriate governing body the results of such discussions for its consideration and action.