Edward **FITZGERALD** et al.,
Plaintiffs,

v.

Robert J. di **GRAZIA**, Supt. of Police,
St. Louis County, Missouri, et al.,
Defendants.

No. 72 C 195(2).

United States District Court,
E. D. Missouri, E. D.

June 15, 1973.

London & Greenberg, St. Louis, Mo., for plaintiffs.

George F. Gunn, Jr., St. Louis Co. Counselor and Andrew J. Minardi, Associate County Counselor, Clayton, Mo., for defendants.

## MEMORANDUM AND ORDER

REGAN, District Judge.

In this action plaintiffs seek a declaratory adjudication that Section 105.-510, Revised Statutes of Missouri, is unconstitutional on its face and as applied, that certain provisions of the Code of Discipline and Ethics of the St. Louis County Police Department are unconstitutional on their face, and pray that defendants be enjoined from "enforcing" the statute and Code provisions.

In our Memorandum and Opinion of December 27, 1972, ruling defendants' motion to dismiss (Fitzgerald v. di Grazia, D.C.Mo., 354 F.Supp. 90), we held that as against such motion plaintiffs had pleaded a justiciable issue respecting the validity of the Code of Discipline and Ethics. In connection with our holding we made the following comment:

"Parenthetically, it occurs to us that if, as would appear from the letter exhibits filed by defendants, the literal language of Code provisions are not invoked by defendants and thus serve

no purpose, this issue could well be eliminated from the case if the regulations were rescinded. To this end, defendants should consider whether the provisions complained of contravene the ruling of the Missouri Supreme Court en banc in City of Springfield v. Clouse, 356 Mo. 1239, 206 S.W.2d 539, 542, to the effect that '(a)ll citizens have the right, preserved by the First Amendment to the United States Constitution and Sections 8 and 9 of Article I of the 1945 Missouri Constitution, Sections 14 and 29, Art. 2, Constitution of 1875 to peaceably assemble and *organize* for any proper purpose, *to speak freely and to present their views and desires to any public officer or legislative body.*' And as appears from the complaint, plaintiffs have in fact organized."

Defendants have now filed a renewed motion to dismiss, supported by affidavit, informing us that defendants have accepted our invitation and that the provisions of the Code of Discipline and Ethics of which plaintiffs complain have been repealed. In lieu thereof the Board of Police Commissioners has adopted a new provision which is free of the alleged infirmities in the repealed sections of the Code.

In this posture of the case, the issue as to the Code is now moot, so that the only remaining question is whether we should adhere to our further ruling of December 27, 1972, that we should "abstain from construing (Section 105.510) or determining the nature of any limitations upon the right of police officers to form and join organizations," and directing plaintiffs to "promptly seek an adjudication in the state courts respecting the application of the statute upon their organizational rights."

Abstention is the exception and not the rule, and the doctrine is to be applied only in narrowly limited special circumstances. One of such circumstances is where the issue of state law is uncertain, as we believe it to be in this case, and where the state courts' in-

terpretation of the statute or determination of its validity may obviate any need to consider its validity under the federal constitution.

Section 105.510 is part of a Missouri statutory scheme relating to organizational rights of public employees. As to most of said employees, Section 105.510 recognizes their right to form and join labor organizations and to present proposals to public bodies relative to salaries and other conditions of employment through representatives of their own choosing. Although police and certain other designated public employees (e. g. teachers) are excepted from the statutorily recognized right, there is no provision therein which in terms prohibits police officers from organizing or from presenting proposals to any public body either individually or through representatives of their choosing, nor does the statute provide sanctions against any police officer who seeks to do so or grant any "enforcement" authority to the St. Louis County Police Board or its Superintendent by way of disciplining or otherwise penalizing police officers who join or form organizations or who present proposals to the Board or other public body either individually or collectively.

Hence, there is no "clear and present danger" on the face of the statute to plaintiffs or any of them, and the repeal of the questioned Code provisions eliminates any possibility of such a danger through the application of the statute to plaintiffs. Thus, as we pointed out in our December 27, 1972 ruling, "(t)he issue presented by the complaint is a very narrow one." What plaintiffs are seeking is a declaration that they have the same rights which the Missouri law accords to certain other public employees under the statute of which Section 105.510 is a part.

As we noted in our earlier ruling, whether a federal constitutional issue is really presently involved as to Section 105.510 is far from clear. In the factual context of this case, this section has never been authoritatively construed by the Missouri courts. We do not agree with plaintiffs that State ex rel. Missey v. City of Cabool, Mo., 441 S.W.2d 35, obviates the necessity of obtaining an adjudication in the state courts. In that case the defendants (the city, its mayor and aldermen) had discharged and demoted plaintiffs (electrical, park and pool, street and water and sewer department employees) on account of their union activities. In their effort to avoid liability under the statute, the defendants contended that the statute was invalid under the Missouri constitution in that it involved an arbitrary and unconstitutional classification in excluding police and certain other public employees from the benefits of the Act. The Court simply held that defendants had not met their burden of proving that the classification was arbitrary, with the result that the defendants were held to be liable for violating their duties under the statute. That is not this case.

We repeat, "In our view, the unresolved issue of state law is uncertain, and since the determination thereof may well render unnecessary the resolution of any federal constitutional issue, we deem it approriate that we abstain." In this connection it is to be noted that the ramifications of any adjudication respecting Section 105.510 would extend to every police department and police officer in the State of Missouri, although it would not technically be binding upon them. Such a piecemeal approach to this statute is not to be favored, particularly since the courts of Missouri are competent to rule the overall issue in an authoritative manner.

It has now been almost six months since we directed that plaintiffs *"promptly"* seek an adjudication in the state courts respecting the application of the statute upon their organizational rights." To date, plaintiffs have not made any effort to obtain such an adjudication.

Accordingly, it is hereby ordered that this action be and the same is hereby dismissed without prejudice.