Richard E. PETERS and Thomas King, Individually and as Representatives of the Class Known as the R–5 Community Teachers Association, Appellants,

v.

The BOARD OF EDUCATION OF the RE-ORGANIZED SCHOOL DISTRICT NO. 5 OF ST. CHARLES COUNTY, Missouri, a public corporate, et al., Respondents.

No. 57416.

Supreme Court of Missouri, Division No. 1.

Feb. 11, 1974.

Motion for Rehearing or to Tranfer to Court en Banc Denied March 11, 1974.

Daniel T. Rabbitt, Jr., Donald L. James, Moser, Marsalek, Carpenter, Cleary, Jaeckel, Keaney & Brown, St. Louis, for appellants.

Dale L. Rollings, Bruere & Rollings, St. Charles, for respondent.

LAURANCE M. HYDE, Special Commissioner.

Class action for declaratory judgment. Plaintiffs, claiming to represent an association of classroom teachers employed by defendants, seek to have a written agreement between the teachers association and the district's board of education declared valid. The trial court entered judgment dismissing plaintiffs' petition and plaintiffs have appealed. We reverse and remand with directions.

Plaintiffs say we have jurisdiction because the construction of the Constitutions of the United States and the State of Missouri are involved. Plaintiffs say the refusal of defendants to honor the written agreement involved constitutes an abridgement of the constitutional rights of plaintiffs and the class they represent as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution and Sections 8, 9 and 29 of Article I of the Constitution of Missouri, V.A.M.S., namely, the rights of petition, peaceable assembly, free speech and the right to appoint representatives to meet, confer and discuss with defendants matters of vital concern to plaintiffs' professional employment, relying mainly on City of Springfield v. Clouse, 356 Mo. 1239, 206 S.W.2d 539 (banc 1947), and State ex rel. Missey v. City of Cabool, 441 S.W.2d 35 (Mo. 1969). Defendants say the simple application of a constitutional provision does not per se confer jurisdiction upon this court citing St. Louis County Transit Co. v. Division of Employment Security, 456 S.W.2d 334 (Mo.1970). Defendants nevertheless suggest that jurisdiction could be retained to settle a question of general interest or importance on the authorization of Section 10, Article V of our constitution. However, our view is that a construction of constitutional provisions is involved as in Clouse, supra, and King v. Priest, 357

Mo. 68, 206 S.W.2d 547 (banc 1947), decided concurrently with it.

Defendants' motion to dismiss for failure to comply with Rules 52.08 and 52.09, V.A.M.R., states the petition does not allege facts to show plaintiffs have been fairly chosen and adequately and fairly represent the whole class which they purport to represent; fails to describe with particularity, definiteness or certainty the class they purport to represent; and that such persons do not constitute a class within the meaning of these rules. Plaintiffs alleged they brought this action as representatives of the class known as R-5 Community Teachers Association and further alleged:

"1. That plaintiffs are teachers employed by the defendant Board of Education of the Reorganized School District No. 5 of St. Charles County, Missouri and are members in good standing of the R-5 CTA, which is a voluntary association formed and operating for the purposes of promoting the welfare of teachers in the defendant school district and securing the optimum educational advantages for the children who attend the schools operated by the defendant school district; plaintiffs state that they bring this action on behalf of themselves and all other members of the R-5 CTA, which represents the vast majority of the teachers in the defendant school district; plaintiffs state that the persons constituting the class is very numerous and it is impracticable to bring them all before the Court and that plaintiffs have been authorized by the other members of the class to represent them and to act in this cause of action in behalf of the entire class and to bind them since the rights sought to be protected are common to all members of the class."

A similar class action was held proper in King v. Priest, 357 Mo. 68, 206 S.W.2d 547 (banc 1947). However, Rule 52.09 provided: "[P]laintiff shall be required to prove such allegations, unless all of the members of the class have entered their appearance." Since the trial court ruled the case on the pleadings this was not done. However, more than a year after the appeal in this case, new Rules 52.08 and 52.09 became effective and being procedural rules would now govern this case.

■ Defendants contend that plaintiffs did not bring themselves within the Declaratory Judgment Act by either pleading facts sufficient to invoke the provisions of that Act or by asking for relief which that Act affords. They say if the contract is not illegal plaintiffs should ask for specific performance, not declaratory judgment. However, both the Clouse case (356 Mo. 1239, 206 S.W.2d 539), and Glidewell v. Hughey, 314 S.W.2d 749 (Mo. banc 1958) (which determined the application of the Clouse case to certain employees under a later adopted city charter), were declaratory judgment cases. In King v. Priest, 206 S.W.2d l.c. 551, involving the right of policemen to become members of a labor organization we held their petition presented a justiciable controversy under the Declaratory Judgment Act. Section 527.020 provides that "[a]ny person * * * whose rights, status or other legal relations are affected by a * * * contract * * * may have determined any question of construction or validity arising under the * * * contract * * * and obtain a declaration of rights, status or other legal relations thereunder." Section 527.030 provides: "A contract may be construed either before or after there has been a breach thereof." Section 527.050 authorizes declaratory judgment "in any proceeding * * * in which a judgment or decree will terminate the controversy or remove an uncertainty." A declaratory judgment must involve a real controversy in which the result would be res judicata between the parties. This is a case between actual parties to an actual transaction (a contract) who disagree about their rights and obligations with regard to it. We hold a declaratory judgment action is a proper remedy to determine these issues.

Defendants' motions to dismiss were sustained October 4, 1971. The grounds stat-

ed in these motions which the court gave in a memorandum as its reasons for dismissal were failure to comply with Rules 52.08 and 52.09 with respect to class actions and failure to present a justiciable controversy as to the latter relying on St. Louis Teachers Association v. Board of Education, 467 S.W.2d 283 (Mo.App. 1971). In the St. Louis case the court decided that "[a] definite statement of facts describing a controversay ripe for determination is nowhere to be found" in the petition. Plaintiffs herein filed an amended petition on October 18, 1971 and the court sustained defendants' motion to dismiss on the same grounds. The amended petition made additional allegations about defendants' refusal to meet and discuss specifically stated matters and the board's claim that the agreement was illegal. It also alleged violation of constitutional rights and that the agreement was not illegal and that Section 105.510 is not applicable to this contract. The difference in the relief asked is for the "Court to declare that the Agreement * * * is not illegal, that Section 105.510 has no application to the Agreement." "Declaratory judgments frequently declare as to whether agreements are invalid or voidable." 162 A.L.R. 763 annotation; 22 Am.Jur.2d, Declaratory Judgments § 21, p. 864; see also Temm v. Temm, 354 Mo. 814, 191 S.W.2d 629, 632 (1945).

■ After our decision in the Clouse case, the General Assembly enacted Sections 105.500–105.530 authorizing public employees (excepting police, national guard, teachers, etc.) to form and join labor organizations to present proposals to any public body relative to salaries and other conditions of employment. This was considered in the Missey case (441 S.W.2d l.c. 43) and the exclusion of the designated public employees was held not an arbitrary unconstitutional classification. Section 105.510 prohibits teachers from being members of labor organizations. However as we held in Clouse, supra, 206 S.W.2d l.c. 542: "All citizens have the rights, preserved by the First Amendment to the United States Constitution and Sections 8 and 9 of Article I of the 1945 Missouri Constitution, * * * to peaceably assemble and organize for any proper purpose, to speak freely and to present their views and desires to any public officer or legislative body." We also said: "[P]ublic employees have these rights * * * and can properly exercise them individually, collectively or through chosen representatives, subject, of course, to reasonable legislative regulation as to time, place and manner in the interest of efficient public service." These are different rights than being members of labor organizations. We do not consider Section 105.510 to prohibit the negotiations involved in this case because we consider them authorized under our rulings in the Clouse case. Moreover, it does not appear that the R-5 Community Teachers Association is a labor organization within the meaning of Section 105.510.

The agreement between the teachers association and the board is entitled "Agreement For Professional Consultation." Article I is entitled "Definitions." Article II is entitled "Recognition" and one of its provisions requires a statement from a certified public accountant that the association has cards signed by a majority of the members authorizing the association to act as their representative. It is also stated that negotiations shall deal only with proposals for "revision of present policies" or "development of new policies" and not with "individual grievances." Article III entitled "Negotiation" provides for written requests for meetings of a joint negotiation committee composed of board representatives and association representatives to meet within fifteen days stating the reasons for requesting negotiation or discussion. Services of consultants is authorized where there may be areas of disagreement. Also authorized are study committees to do research, to study and develop projects and present findings. Tentative agreements of the joint negotiating committee shall be submitted for ratification and if approved

by both parties shall be entered in the board minutes as district policy.

Article IV entitled "Resolving Disagreement" has a misleading designation. Actually is only provides for an attempt to resolve a disagreement and that is all it legally could do. It says "Either party may request the appointment of a committee which serves as a fact finding body." It also says "[s]uch committee shall be advisory and restricted to the specific issues remaining unresolved." This committee, composed of one member named by the board, one member named by the association and one member chosen by the other two, is authorized to render tentative opinions subject to formal ratification by the two parties. Article IV further provides: "If any portion of the Sections or Sub-Sections of this agreement is in violation of any of the provisions of any laws of the State of Missouri, then that portion in disagreement shall be considered null and void." If the agreement required acceptance by the school board of any agreement or recommendation of the fact finding committee, the negotiation committee or any other committee it would be null and void; but we not find that it does so. The board must make the final decision on any matter within its jurisdiction and any recommendation of any committee or body provided for in the agreement is only advisory. The agreement does not provide otherwise and must reasonably be construed as providing recommendations that are only advisory.

Defendants say: "We do not argue that Section 105.510 precludes the right of teachers to organize or select representatives. That right was clearly established in Clouse and in Bergmann v. The Board of Education [360 Mo. 644], 230 S.W.2d 714 (Mo.1950)." However, they say teachers "do not have the right to bargain

collectively and negotiate in the same manner as private employees, nor do they have the right guaranteed certain public employees under Sections 105.500–105.530." Defendants say: "Teachers may present proposals to the School Boards but for the reasons stated in the Clouse case, cannot collectively enter into agreements or contracts with those Boards." Defendants also say: "[B]oards are not precluded from establishing a policy, regulation or resolution which is responsive to the proposals of a teacher group if the establishment of that policy does not conflict with statutory provisions or delegate authority vested in the Board."

Our view of the agreement involved in this case is that it is not in conflict with these standards stated by defendants because it only provides for consultations and recommendations and does not bind the board to accept any of them. Although the agreement provides for a group of three to study and make recommendations concerning matters on which the teachers and the board have not agreed it does not require the board to do anything about them. The board remains free to accept them or reject them.

We therefore reverse the judgment of dismissal and remand with directions to require plaintiffs to prove they meet the requirements of present Rules 52.08 and 52.09 and for such other proceedings as may be necessary to determine the issues involved.

PER CURIAM:

The foregoing opinion by LAURANCE M. HYDE, Special Commissioner, is adopted as the opinion of the court.

All of the Judges concur.