Edward **FITZGERALD** et al.,
Plaintiffs,

v.

**Robert J. diGRAZIA**, Supt. of Police, St. Louis County, Missouri, et al.,
Defendants.

No. 72 C 195(2).

United States District Court,
E. D. Missouri, E. D.

Aug. 22, 1974.

Judgment Vacated Dec. 16, 1974.
See 95 S.Ct. 650.

London & Greenberg, St. Louis, Mo., for plaintiffs.

Andrew J. Minardi, Associate County Counselor, Clayton, Mo., John C. Danforth, Atty. Gen., State of Missouri, Jefferson City, Mo., for defendants.

Before WEBSTER, Circuit Judge, and HARPER and REGAN, District Judges.

## MEMORANDUM OPINION

REGAN, District Judge.

At the direction of the Court of Appeals for the Eighth Circuit, a three-judge court was convened to hear and determine this action for declaratory and injunctive relief. Theretofore, a single judge court had dismissed the action without prejudice. See Fitzgerald v. diGrazia, D.C.Mo., 360 F.Supp. 485, and Fitzgerald v. diGrazia, D.C.Mo., 354 F.Supp. 90.

The complaint seeks a declaration that Section 105.510, R.S.Mo., is unconstitutional on its face and as applied on the asserted premise that the statute, in violation of the First and Fourteenth Amendments to the Constitution of the United States, denies to police officers the right to freedom of speech and assembly and to petition for redress of grievances, and creates an unreasonable and arbitrary classification between police officers and other public employees. We are asked to enjoin defendants from "enforcing" this statute.

Section 105.510 provides as follows:

*"Employees, except police, deputy sheriffs, Missouri state highway patrolmen, Missouri national guard, all teachers of all Missouri schools, colleges and universities, of any public body shall have the right to form and join labor organizations and to present proposals to any public body relative to salaries and other conditions of employment through the representative of their own choosing. No such employee shall be discharged or discriminated against because of his exercise of such right, nor shall any person or group of persons, directly or*

*indirectly, by intimidation or coercion, compel or attempt to compel any such employee to join or refrain from joining a labor organization, except that the above excepted employees have the right to form benevolent, social, or fraternal associations. Membership in such associations may not be restricted on the basis of race, creed, color, religion or ancestry."*

The individual plaintiffs are commissioned police officers in the St. Louis County Police Department who are members of the St. Louis County Police Officers Association which has been joined as a party plaintiff. The Association was organized in July, 1970, as a not-for-profit corporation. Recently it has become affiliated with the National Union of Police Officers as Local 844, AFL-CIO.

The St. Louis County Police Department is under the overall charge of a Board of Police Commissioners (who have been joined as defendants), and among the powers of the Board is the authority to formulate policy governing the operation and conduct of the Department. A superintendent of Police appointed by the Board has the direct supervision, management and control of the Police Department and its personnel. During the pendency of this action there has been a change in the membership of the Board and a different Superintendent is now in charge.

A stipulation of facts has been filed. It appears therefrom that from time to time, both before and after this suit was filed, the Association, through its representatives, has made presentations to the Board on behalf of the individual plaintiffs and others of its members concerning overtime policy, wages, complaint procedures and promotional policies of the police department. Both the former

president of the Association and his successor in office have appeared before the County Council (the legislative body) of St. Louis County during public budget hearings and have submitted to the Council recommendations of the Association pertaining to salary and other benefits for police officers. They have also communicated in writing both to the Superintendent of Police and to the chairman of the Board of Police Commissioners and have received written responses to them in their capacity as officers of the Association. The Police Board has at no time taken any disciplinary action against any member of the Association based on his activities or membership therein.

The threshold question for resolution in the present posture of this case [1] is whether there is an actual case or controversy between the parties which we as a federal court may adjudicate. There must be a substantial controversy "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed. 826, quoted in Golden v. Zwickler, 394 U.S. 103, 108, 89 S.Ct. 956, 959, 22 L.Ed. 2d 113. This principle is underlined by our lack of jurisdiction to pronounce a state statute void because irreconcilable with the Constitution, *except as we are called upon to adjudge the legal rights of litigants in actual controversies.* Golden v. Zwickler, supra, 394 U. S., l.c. 110, 89 S.Ct. 956.

Initially, we note that Section 105.510, although excluding police, inter alia, is couched in declaratory language and does not in terms purport to prohibit police officers from organizing or from presenting propositions either individually or through representatives of their

---

1. Provisions of the Code of Discipline and Ethics of the St. Louis County Police Department, which on their face allegedly posed a threat to plaintiffs, have long since been repealed (see Fitzgerald v. DiGrazia, 360 F.Supp. 485). At the hearing of this case counsel for plaintiffs stated that no rules of the Police Department allegedly violative of their constitutional rights are now before the Court and that the sole matter for determination is the validity of Section 105.510, R.S.Mo. Hence, whatever may have been the factual situation when this suit was instituted, it has drastically changed.

own choosing to a public body or from exercising any constitutional rights of free speech and assembly. Nor is there any language in the quoted statute which purports to authorize a public employer to penalize a police officer for exercising his right to organize or to submit proposals to his employer or to any other public body, either individually or collectively.

■ The statute does not on its face have any "chilling effect" on the ability of plaintiffs to exercise their constitutional rights of freedom of speech and assembly and to petition for redress of grievances. The stipulated facts clearly show that, as presently applied, the statute has no chilling effect. As appears supra, plaintiffs have freely exercised their rights of freedom of speech and association and have petitioned the Police Board and its superintendent for redress of grievances without the slightest threat of disciplinary action. And, admittedly, the Board of Police Commissioners not only has recognized and dealt with the Association as the representative of plaintiff police officers, and continues to do so, but has invited discussions and suggestions from the Association in developing Department policies.

The stipulated facts also show not only the present absence of any threat of reprisals by reason of membership or activity in the Association but that the membership of the Association has grown during the pendency of this suit from 285 officers to one of 344 members out of the total of 503 commissioned police officers in the Department.

Although it is true that the statute purports to exclude police and other law enforcement officers from the grant of a "right" to form and join "labor organizations", it is apparent that as presently applied this language is a mere matter of semantics, wholly apart from the fact that no penalty is imposed on any policeman who forms or joins such an organization. As noted, the stipulated facts show that the Association is and has been a local union of the AFL-CIO. The term "labor organization" is nowhere defined in the statute. We decline to define the term in the absence of any existing controversy as to the actual status of the Association, and certainly so in light of the fact that no disciplinary action is threatened against plaintiffs by reason of their membership in this AFL-CIO affiliated organization.

■ Moreover, Missouri has long recognized the right of *all* citizens "to peaceably assemble and organize for any proper purpose, to speak freely and to present their views and desires to any public officer or legislative body." City of Springfield v. Clouse, 356 Mo. 1239, 206 S.W.2d 539, 542. In distinguishing between this right of "all" citizens and the right of "collective bargaining" as that term is usually understood in the private employment sector, the Missouri Supreme Court has made it clear that it is in accord with the holding of American Federation of State, County and Municipal Employees v. Woodward, 8 Cir., 406 F.2d 137, 139, that *"(u)nion membership* is protected by the right of association under the First and Fourteenth Amendments." State ex rel. O'Leary v. Missouri State Board of Mediation, Mo., 509 S.W.2d 84.

The *O'Leary* case is the last pronouncement of the Missouri Supreme Court en banc on the right of *all* public employees to organize and join unions. Insofar as the right of true "collective bargaining" is concerned, no such right is granted to *any* public employee either by Section 105.510, R.S.Mo., or by any other statute of Missouri.

By way of summary and to emphasize the lack of an existing case or controversy and with particular reference to the provisions of Section 105.510 as applied to the stipulated and admitted facts: (1) police officer plaintiffs have formed and joined an AFL-CIO affiliated organization, (2) police officer plaintiffs have presented proposals to the Police Board and to the St. Louis County Council relative to salary and other conditions of employment through representatives of their own choosing, and (3) none of

plaintiffs has been discharged or discriminated against because of his exercise of the foregoing rights.

Neither the Police Board nor any other defendant is given any power to "enforce" Section 105.510, in the sense "enforcement" is ordinarily understood, for the self-evident reason there is nothing in this statute for any one to "enforce." At worst, the Board might decline to permit the Association on behalf of its officers to submit any proposals relative to salary and other conditions of employment, but such hypothetical possibility, in no wise threatened, does not create a case or controversy.[2]

What then is the real complaint of plaintiffs? At the hearing, plaintiffs' counsel stated that what they seek is the right to "bargain collectively," at least in the watered down manner accorded other public employees by Section 105.520, R.S.Mo.[3] However, wholly aside from the fact Section 105.520 does not grant to *any* public employee the substantive right of true collective bargaining, but merely provides "a *procedure for communication* between the organization selected by public employees and their employer" (State ex rel. Missey v. City of Cabool, Mo., 441 S.W.2d 35, 41), no attack is made upon Section 105.520 in this proceeding. All that is here sought is a declaration that Section 105.-520 is unconstitutional in that *said* section allegedly denies to police officers the right of freedom of speech and assembly and to petition for redress of grievances.

The obligation of a public body "to meet, confer and discuss" with the bargaining representative of public employees (other than law enforcement officers and teachers) the proposals submitted to it is created by Section 105.-520. However, the validity of the limited application of Section 105.520 is not before us, so that we may not now determine whether there is a reasonable basis for the statutory differentiation between police and most other public employees. Parenthetically, we note that Peters v. Board of Education, Mo., 506 S.W.2d 429 expressly holds that the face to face meetings, discussions and negotiations which were provided for by an *agreement* between the Board and the Teachers Association were *not prohibited by* Section 105.510.

■ The stipulated facts clearly demonstrate the absence of any actual controversy *respecting Section 105.510* of such "immediacy and reality" as to warrant the exercise of our declaratory jurisdiction. Accordingly, we hold that this action should be and it is hereby dismissed without prejudice.

2. Peters v. Board of Education, 506 S.W.2d 429, decided February 11, 1974, by Division One of the Missouri Supreme Court is in no wise inconsistent with our conclusion. In that case, by reason of the refusal of the school board to honor a contract between the board and the Teachers Association on the ground it was invalid, an actual controversy was found to exist between the parties respecting the validity of the agreement. Significantly, in holding that the Association was not a labor organization "within the meaning of Section 105.510", the *Peters* Court reasserted the right of *all* public employees (including teachers) to organize and present their views and desires to any public officer or legislative body either individually, collectively or through chosen representatives, commenting "These are different rights than being members of labor organizations."

3. Section 105.520 provides as follows:
"*Whenever such proposals are presented by the exclusive bargaining representative to a public body, the public body or its designated representative or representatives shall meet, confer and discuss such proposals relative to salaries and other conditions of employment of the employees of the public body with the labor organization which is the exclusive bargaining representative of its employees in a unit appropriate. Upon the completion of discussions, the results shall be reduced to writing and be presented to the appropriate administrative, legislative or other governing body in the form of an ordinance, resolution, bill or other form required for adoption, modification or rejection.*"