407 F.Supp. 733 (1976)
William J. VORBECK et al., Plaintiffs,
v.
Theodore D. McNEAL et al., Defendants.
Gustave W. (Pete) SAHM, President, et al., Plaintiffs,
v.
Gus O. NATIONS, Chairman, et al., Defendants.
Nos. 75-77C(3), 75-78C(3).
United States District Court, E. D. Missouri, E. D.
February 19, 1976.
*734 *735 Lawrence J. Fleming, London & Greenberg, St. Louis, Mo., John H. Goffstein, Bartley, Goffstein, Bollato & Lange, Clayton, Mo., for plaintiffs.
Albert J. Stephan, Jr., and Kenneth C. Brostron, Lashly, Caruthers, Thies, Rava & Hamel, St. Louis, Mo., for McNeal and others.
Thomas W. Wehrle, St. Louis County Counselor, Andrew J. Minardi, Associate County Counselor, Clayton, Mo., for Nations and others.
John C. Danforth, Atty. Gen., Glen A. Glass and J. Paul Allred, Jr., Asst. Attys. Gen., Jefferson City, Mo., for defendant-intervenor State of Mo.
Before MATTHES, Senior Circuit Judge, MEREDITH, Chief District Judge, and WANGELIN, District Judge.

MEMORANDUM
PER CURIAM.
These two consolidated lawsuits once again raise the constitutionality of the Missouri Public Sector Labor Law, Sections 105.510 through 105.530, R.S.Mo., 1969. The plaintiffs, commissioned police officers of the City of St. Louis, Missouri (No. 75-77C(3)), and St. Louis County (No. 75-78C(3)), seek a declaratory judgment and injunctive relief declaring unconstitutional and preventing enforcement of the provisions of the Public Sector Labor Law, particularly Sections 105.510 and 105.520. In addition, the plaintiffs in action No. 75-77C(3) seek declaratory and injunctive relief from Police Board Rule 8.621 promulgated by defendants Theodore D. McNeal, Edward Walsh, George Mehan, Jr., Salees Seddon and John H. Poelker acting pursuant to § 84.170, R.S.Mo., 1969, as the Board of Police Commissioners of the City of St. Louis. Rule 8.621 is a personnel regulation which prohibits commissioned officers from joining unions or other organizations not authorized by the Board.
It is the contention of the plaintiffs that the above cited statutory provisions and Rule 8.621 deny to police officers their rights of freedom of speech and assembly and to petition for redress of grievances, and creates an unreasonable and arbitrary classification between police officers and other public employees. in violation of the first and fourteenth amendments to the United States Constitution, and Article I, §§ 9 and 29 of the Missouri Constitution. Jurisdiction is alleged under 28 U.S.C. §§ 1343, 2201-02 and 42 U.S.C. § 1983.
During the pendency of this litigation, the State of Missouri was allowed to intervene as a defendant.
The parties are presently before the Court pursuant to cross motions for summary judgment. It is clear that there are no material questions of fact, and that the matter is now ready for disposition.
At the outset, it is appropriate to reproduce the statutes that precipitated *736 this litigation. Section 105.510 provides as follows:
Employees, [except police, deputy sheriffs, Missouri state highway patrolmen, Missouri national guard, all teachers of all Missouri schools, colleges and universities], of any public body shall have the right to form and join labor organizations and to present proposals to any public body relative to salaries and other conditions of employment through the representative of their own choosing. No such employee shall be discharged or discriminated against because of his exercise of such right, nor shall any person or group of persons, directly or indirectly, by intimidation or coercion, compel or attempt to compel any such employee to join or refrain from joining a labor organization, except that the above excepted employees have the right to form benevolent, social, or fraternal associations. (emphasis and brackets added).
Section 105.520 states that
"[w]henever such proposals are presented by the exclusive bargaining representative to a public body, the public body or its designated representative or representatives shall meet, confer and discuss such proposals relative to salaries and other conditions of employment of the employees of the public body with the labor organization which is the exclusive bargaining representative of its employees in a unit appropriate. Upon the completion of discussions, the results shall be reduced to writing and be presented to the appropriate administrative, legislative or other governing body in the form of an ordinance, resolution, bill or other form required for adoption, modification or rejection.
The threshold question in No. 75-78C is whether the decision in Fitzgerald v. diGrazia, 383 F.Supp. 668 (E.D.Mo.1974) (three-judge court) is dispositive of the present challenge to the constitutionality of Section 105.510 and Section 105.520.
First, defendants contend that principles of res judicata foreclose our consideration of plaintiffs' constitutional claims. In Fitzgerald, the court dismissed without prejudice an action filed by County police officers challenging the constitutionality of Section 105.510 because the facts alleged failed to establish the existence of a case or controversy. Inasmuch as a court's determination that it lacks subject matter jurisdiction is res judicata of the jurisdictional issue only, see Acree v. Air Line Pilots Ass'n, 390 F.2d 199, 203 (5th Cir. 1968), the observation of the Fitzgerald court as to the merits of plaintiffs' constitutional claims are not controlling.
Secondly, significant to resolution of the case or controversy issue in No. 75-78C is the fact that Section 105.520 was not under attack in Fitzgerald. Judge Regan, writing for the three-judge court in Fitzgerald, stressed that the complaint filed there focused exclusively on the Section 105.510[1] restriction on union affiliation. See Fitzgerald v. diGrazia, supra at 672. Moreover, we discern important differences between the facts as they existed in Fitzgerald and the circumstances that precipitated the present litigation. After Fitzgerald, the County Police Officers' Association organized an informational picket line, petitioned the State Board of Mediation, and continued to demand formal private negotiating sessions. On November 13, 1974, attorneys for the County Police Officers' Association sent a written demand to the Chairman of the Board. On November 19, 1974, the Chairman, by letter, summarily rejected the demand.
The County Police Officers' Association did all that was possible to obtain recognition as exclusive bargaining agent and to initiate negotiations under the guidelines of Sections 105.510 and 105.520. While the usual way to challenge a statute is to defend against enforcement, *737 Section 105.520, which grants to all public employees, with the exception of police officers, teachers, and certain others, the right to bargain with their public employees, is framed in purely declaratory language and neither authorizes nor compels the imposition of sanctions. Assuming, for jurisdictional purposes only, that plaintiffs' constitutional claims have merit, the very existence of the provision constitutes a present invasion of plaintiffs' rights because it denies them benefits conferred upon others. Cf. Lake Carriers Ass'n v. MacMullan, 406 U.S. 498, 507, 92 S.Ct. 1749, 32 L.Ed.2d 257 (1972). Notwithstanding the proscription of Section 105.510 against police forming or joining a labor organization, see Peters v. Board of Education, 506 S.W.2d 429, 432 (Mo. 1974), it stands undisputed that the St. Louis County Police Officers' Association is a member of a union local affiliated with the AFL-CIO. No sanctions have been imposed or threatened because of such membership.[2]
Thus, as in Fitzgerald v. diGrazia, 383 F.Supp. at 672, we hold that No. 75-78C presents no case or controversy as to the Section 105.510 prohibition on union affiliation.
We are nonetheless able to reach this question in No. 75-77C because there the effect of Rule 8.621 and the Board's policy statement of July 11, 1973,[3] which are based in turn on Section 105.510, is to "chill" the exercise of plaintiffs' first amendment freedoms. A stipulation of facts filed by the parties specifies that violation of any Police Department rule may subject an officer to disciplinary action, including suspension and dismissal. It is also significant, for jurisdictional purposes, that the St. Louis Police Officers' Association, unlike its County counterpart, is organized as a benevolent association and remains unaffiliated with a union local.
Turning to the merits, we will first deal with the patently invalid provisions of Rule 8.621, which provide that:
All members of the department are forbidden to participate without board authorization in the organization of, or to become members of, any association, meeting, union, or any organization of department members other than (organizations including the St. Louis Police Officers' Association are listed), each of which has been duly authorized to perform certain and necessary functions. (parenthetical material added).
The defendants in No. 75-77C(3) contend that Rule 8.621 is constitutional since it is rationally related to the operation and goverance of a municipal police department, citing King v. Priest, *738 357 Mo. 68, 206 S.W.2d 547 (1947) (en banc), as authority.
It is apparent that Rule 8.621 is unconstitutional on its face. Even in its narrowest reading, the rule would significantly infringe upon the plaintiffs' first and fourteenth amendment rights of freedom of association. There is no compelling reason for denying certain persons membership in organizations solely because of their status as policemen where there is no showing that the organizations are detrimental to the sui generis, and paramilitary nature of police departments. Similar restraints upon the first and fourteenth amendment rights of policemen and firemen have been held unconstitutional by other three-judge courts. Newport News F. F. A. Loc. 794 v. City of Newport News, 339 F.Supp. 13 (E.D.Va.1972); Melton v. City of Atlanta, 324 F.Supp. 315 (N.D. Ga., 1971); Atkins v. City of Charlotte, 296 F.Supp. 1068 (W.D.N.C.1969).
It is clear that a police officer occupies a special role in society. An officer has a special obligation to protect and preserve the lives of the public. Allowing police to affiliate with a national labor organization clearly raises the spector of a strike against the public interest, cf. Atkins v. City of Charlotte, supra. However, it is also equally clear that "a governmental purpose to control or prevent activities constitutionally subject to state regulation may not be achieved by means which sweep unnecessarily broadly . . .." NAACP v. Alabama ex rel. Flowers, 377 U.S. 288, 307 (1964), 84 S.Ct. 1302, 1314, 12 L.Ed.2d 325. The appropriate method for protecting the state's legitimate interest in averting such a strike is not to restrict freedom of association, but rather to fashion precise legislation declaring such strikes illegal. Police Officers' Guild v. Washington, 369 F.Supp. 543, 553 (D.D.C.1973) (three-judge court). Such a legislative remedy has already been enacted in Missouri by Section 105.530, R.S.Mo., 1969, which withholds the right to strike from all public employees.
For the foregoing reasons, it is clear that Rule 8.621 exceeds the permissible bounds of the First and Fourteenth Amendments.
It must be made clear, however, that the state may properly prohibit police officers, whether or not union members, from engaging in work slowdowns, strikes, sick-ins, and other related activities. Lontine v. Van Cleave, 483 F.2d 966 (10th Cir. 1973); United States Federation of Postal Clerks v. Blount, 325 F.Supp. 879 (D.D.C., 1971) (three-judge court), aff'd, 404 U.S. 802, 92 S.Ct. 80, 30 L.Ed.2d 38 (1971). The Missouri Legislature has indicated its position with regard to the above proscribed activities by the enactment of Section 105.530. So that there will be no mistake as to our holding, we again emphasize that a public employee's right to exercise certain constitutional freedoms shall not be denied on the basis of an irrational criterion. Those constitutional rights will not provide a shield for actions clearly against the public interest such as a strike of police officers, cf. Melton v. City of Atlanta, supra at 319-20; Atkins v. City of Charlotte, supra at 1076. The prospect of a city or community being forced to operate without police services would constitute such a "clear and present danger" that strike activities would not be entitled to constitutional protections. Thomas v. Collins, 323 U.S. 516, 529-43, 65 S.Ct. 315, 89 L.Ed. 430 (1944).
Section 105.510 has been used as an enabling measure for a patently invalid restriction upon the constitutional freedoms of citizens, namely Rule 8.621. It has become almost an axiom of law that the prospective chilling of First Amendment rights will give a party standing to challenge an allegedly invalid legislative enactment, cf. Lecci v. Cahn, 493 F.2d 826 (2nd Cir. 1974); Long-Shoremen's Union v. Boyd, 347 U.S. 222, 74 S.Ct. 447, 98 L.Ed. 650 (1947); Wright & Miller, Federal Practice and Procedure: Jurisdiction § 3532, at 249-53. The fact that Section 105.510 has been used to promulgate invalid *739 rules which restrict constitutional freedoms is clearly an indication that the provisions of that section which prohibit police officers from forming or joining labor organizations exceed the permissible bounds of the first and fourteenth amendments. The language of Section 105.510 clearly "sweep[s] unnecessarily broadly . . ." NAACP v. Alabama ex rel. Flowers, supra. As we discussed above, the enactment by the State of Missouri of Section 105.530, R.S. Mo., 1969, is the proper method of restricting the illegal labor activities of public servants. Therefore, we declare that Section 105.510, insofar as it prohibits police officers from forming or joining labor organizations, is unconstitutional.
The exclusion of policemen from the provisions of Section 105.520, which regulates the limited bargaining of public employees in Missouri raises the possibility of an irrational classification in violation of the fourteenth amendment. However, since as we have stated, there is no constitutional right to collective bargaining, the issue is whether the classification has a rational relation to a legitimate governmental interest. See Prostrollo v. University of South Dakota, 507 F.2d 775, 780 (8th Cir. 1974).
Police officers occupy such a unique place in society that it cannot be said that no rational basis exists for the classification in Section 105.520. Melton v. City of Atlanta, supra at 319. The determination of bargaining procedures for policemen is a decision properly reserved to the Missouri legislature. Atkins v. City of Charlotte, supra at 1077.
In summary we hold and declare as follows:
1. That Rule 8.621 as promulgated by the Board of Police Commissioners of the City of St. Louis is void on its face as an abridgement of freedom of association protected by the first and fourteenth amendments of the United States Constitution;
2. That Section 105.510, R.S.Mo., 1969, is unconstitutional insofar as it prohibits police officers from forming or joining labor organizations; and
3. That the Section 105.510 exclusion of police officers from the bargaining procedures enunciated in Section 105.520 has a rational relation to a legitimate objective of the state and does not abridge any of plaintiffs' constitutional rights.
The plaintiffs have asked that the defendants be enjoined from enforcing the rule now adjudged to be unconstitutional. However, since a federal court should issue its injunctive process against state or local officers only in situations of most compelling necessity, and this Court has no indication that this Court's decision will be ignored by the named individual defendants who comprise the St. Louis City Board of Police Commissioners, this Court will not grant injunctive relief from Rule 8.621. Atkins v. City of Charlotte, supra at 1078. Accordingly, the request for injunctive relief will be denied.
NOTES
[1] We agree with the parties that Sections 105.510 and 105.520 should be considered together.
[2] For a period of time there existed a Code of Discipline and Ethics, promulgated by the St. Louis County Police Board, which had the effect of permitting disciplinary action against a police officer if he attempted to assert his rights guaranteed by the First Amendment to the United States Constitution. Pursuant to the suggestion of the United States District Court that disciplinary regulation was rescinded by the Board. See Fitzgerald v. diGrazia, 354 F.Supp. 90, 92 (E.D.Mo., 1972) and Fitzgerald v. diGrazia, 360 F.Supp. 485 (E.D.Mo., 1973).
[3] The policy statement reads in pertinent part as follows:

Membership in benevolent, social, or fraternal organizations by police officers is authorized by Section 105.510 R.S.Mo., 1969. That same section, however, prohibits police officers from forming or joining organizations which, in turn, present proposals relative to wages and other conditions of employment in a representative capacity.
. . . . .
. . . . .
The purpose of this statement is to . . . state with all possible clarity that the Board will not entertain any dialogue relating to wages or working conditions with any "benevolent, social, or fraternal" association, or any officers thereof, acting in a representative capacity for its members. Furthermore, the Board will continue to permit membership in benevolent, social, or fraternal associations as long as such associations exist solely for those purposes. When and if any such association commences to function in violation of the restrictions imposed by Section 105.510, R.S.Mo., 1969, such organization will be removed from the approved list set forth in Rule 8.621. (emphasis added).