722 F.2d 395
 114 L.R.R.M. (BNA) 3525
 Melvin BEVERLIN, President, Frank Buckle, Treasurer, Andy
Daniels, Chaplain, Charles Fortner, Vice-President, Michael
Stuart, Secretary, Vernon Wilson, Past President, Fraternal
Order of Police Lodge No. 7, Appellants,
v.
BOARD OF POLICE COMMISSIONERS OF KANSAS CITY, MISSOURI,
Norman A. Caron, Chief of Police, and State of
Missouri, Appellees.
 No. 82-2502.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Nov. 18, 1983.
Decided Dec. 2, 1983.
 
 Panethiere & Helfand, Richard Helfand, Kansas City, Mo., for appellants.
 Terry J. Brady, Manfred Maier, Kansas City, Mo., for appellees.
 John Ashcroft, Atty. Gen., William F. Arnet, Asst. Atty. Gen., Jefferson City, Mo., for appellee-intervenor.
 Before ROSS and ARNOLD, Circuit Judges, and MURPHY,* District Judge.
 ARNOLD, Circuit Judge.
 
 
 1
 Mo.Ann.Stat. Secs. 105.500-.530 (Vernon Supp.1983), establish procedures for collective bargaining between public bodies and their employees. But Sec. 105.510 excludes "police, deputy sheriffs, Missouri state highway patrolmen, Missouri national guard, [and] all teachers of all Missouri schools, colleges, and universities" from these procedures. The plaintiffs in this case, members of the Kansas City, Missouri, Police Department, and officers of the Fraternal Order of Police, Lodge No. 7, which is also a plaintiff, claim that the statute, which allows collective bargaining (in the limited sense of meeting and conferring with the employer) by firefighters but not by police, deprives them of the equal protection of the laws in violation of the Fourteenth Amendment.
 
 
 2
 The question is whether the distinction drawn by the Missouri statutes between police and firefighters is so arbitrary as to lack any rational connection to a legitimate legislative purpose. The District Court,[1] taking the view that police can constitutionally be treated differently from any other type of government employee, including firefighters, upheld the validity of the statute and dismissed the complaint. We affirm.
 
 
 3
 The decision to draw the line for meet-and-confer purposes between firefighters and police is one properly made by the elected representatives of the people of Missouri. They could rationally conclude that the public interest demands a closer degree of control over police than over firefighters. Whether this decision is correct or not, whether it represents wise policy, is not our affair.
 
 
 4
 Furthermore, Vorbeck v. McNeal, 407 F.Supp. 733 (E.D.Mo.) (three-judge court), aff'd mem., 426 U.S. 943, 96 S.Ct. 3160, 49 L.Ed.2d 1180 (1976), is controlling, as the District Court pointed out. There, a three-judge district court held "[t]hat the Section 105.510 exclusion of police officers from the bargaining procedures enunciated in Section 105.520 has a rational relation to a legitimate objective of the state and does not abridge any of plaintiffs' constitutional rights." "Police officers," the court added, "occupy such a unique place in society that it cannot be said that no rational basis exists for the classification in Section 105.520." 407 F.Supp. at 739.
 
 
 5
 Even if we had not independently reached the same conclusion, we would be bound by the Supreme Court's summary affirmance of Vorbeck. The Supreme Court's decision, even though without opinion, was a holding on the merits, necessarily approving the result reached by the three-judge district court below, and such summary affirmances are binding on the lower courts until the Supreme Court informs us that they are not. Hicks v. Miranda, 422 U.S. 332, 344-45, 95 S.Ct. 2281, 2289, 45 L.Ed.2d 223 (1975).
 
 
 6
 Plaintiffs argue that Vorbeck somehow left open the question presented here. That case, they say, involved only the classifications listed in Sec. 105.510. It did not consider classifications not listed in that section, such as firefighters. We are at a loss to understand this argument. The question passed on in Vorbeck was whether the classification in Sec. 105.510, establishing a different rule with respect to certain listed kinds of public employees, was rational. This question necessarily involves a comparison of those employees listed in the statute with those who are not. That is exactly the issue that plaintiffs raise here. Perhaps the issue is more pointed in the instant case, since plaintiffs here concentrate on the allegedly baseless distinction between police and firefighters, but the observation of the Vorbeck court that police are unique is directly in point nonetheless.
 
 
 7
 The judgment is affirmed.
 
 
 
 *
 The Hon. Diana E. Murphy, United States District Judge for the District of Minnesota, sitting by designation
 
 
 [1]
 The Hon. Joseph E. Stevens, Jr., United States District Judge for the Western District of Missouri