**Marisol VELEZ, Plaintiff,**

v.

**William T. McGUIRE, et al., Defendants.**

**Civil No. 3:972209(DJS).**

United States District Court,
D. Connecticut.

Jan. 29, 1998.

James S. Brewer, West Hartford, CT, for Plaintiff.

Stephen Richard Sarnoski, Robert Bishop Fiske, III, Atty. General's Office Public Safety & Special Revenue, Hartford, CT, for Defendants.

### *ORDER*

SQUATRITO, District Judge.

Upon review and absent objection, the ruling of the Magistrate Judge [**Doc. No. 13**] is **AFFIRMED.** 28 U.S.C. § 636(b)(1)(A); Rule 2 of the Local Rules for United States Magistrate Judges (D.Conn.).

**It is so ordered.**

### *RULING ON MOTION FOR PRELIMINARY INJUNCTION*

SMITH, United States Magistrate Judge.

The plaintiff, Marisol Velez, brings this action pursuant to 42 U.S.C. §§ 1981, 1983, 1985(3), 1986 and 1988, alleging violation of her federal constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution. In addition, the plaintiff invokes the supplementary jurisdiction of the district court pursuant to 28 U.S.C. § 1367, alleging violations of her rights under the Connecticut Constitution, General Statutes and the common law. Now pending before the court is the plaintiff's motion for a preliminary injunction prohibiting the defendants, the Commissioner of the Department of Public Safety and two Connecticut State police officers, "from continuing any further harassment, coercion, threats

or intimidation against her, and from continuing any further infliction of emotional distress as well as other illegal acts alleged in the accompanying affidavit." (Pl.'s Mem.Supp.Mot.Prelim.Inj. at 1.) For the reasons set forth below, the plaintiff's motion is DENIED.

## STANDARD OF REVIEW

"[I]nterim injunctive relief is an 'extraordinary and drastic remedy which should not be routinely granted.'" *Buffalo Forge Co. v. Ampco–Pittsburgh Corp.*, 638 F.2d 568, 569 (2d Cir.1981) quoting (*Medical Soc'y of N.Y. v. Toia*, 560 F.2d 535, 538 (2d Cir.1977)). In addition, a federal court should grant injunctive relief against a state or municipal officer "only in situations of most compelling necessity." *Vorbeck v. McNeal*, 407 F.Supp. 733, 739 (E.D.Mo.), aff'd, 426 U.S. 943, 96 S.Ct. 3160, 49 L.Ed.2d 1180 (1976).

While a hearing is generally required on a properly supported motion for a preliminary injunction, oral argument and testimony are not required in all cases. *Drywall Tapers & Pointers Local 1974 v. Local 530*, 954 F.2d 69, 72 (2d Cir.1992). In fact, although "a hearing prior to the issuance of a preliminary injunction may prove to be an important guarantor of both a defendant's rights and the accuracy of the ultimate decision, a court need not hold a hearing when to do so would amount to a futile exercise." 13 *Moore's Federal Practice* § 65.21[4] (3d ed.1997). A hearing may be futile where the court is not required to resolve a factual dispute. *Id.* In this case, the court finds that oral testimony and argument are not necessary.

## DISCUSSION

In this circuit the requirements for a preliminary injunction are well established. "[T]he moving party has the burden of showing 1) irreparable harm and 2) either (a) likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them fair grounds for litiga-tion and a balance of hardships tilting decidedly towards the plaintiff." *Jayaraj v. Scappini*, 66 F.3d 36, 38 (2d Cir.1995). The most important prerequisite a court must examine in deciding to issue a preliminary injunction is whether irreparable injury will be suffered by the moving party before a decision on the merits may be reached. *Citibank, N.A. v. Citytrust*, 756 F.2d 273, 275 (2d Cir.1985). The plaintiff's motion fails because the plaintiff has failed to demonstrate the risk of irreparable harm required to support her request for injunctive relief.[1]

To demonstrate irreparable harm, the plaintiff must show " 'an injury that is neither remote nor speculative, but actual and imminent' and that cannot be remedied by an award of monetary damages." *Shapiro v. Cadman Towers, Inc.*, 51 F.3d 328, 332 (2d Cir.1995) (quoting *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 975 (2d Cir.1989)). "Recognition of the need for a proper balance between state and federal authority counsels restraint in the issuance of injunctions against state officers engaged in the administration of the States' criminal laws in the absence of irreparable injury which is both great and immediate." *City of Los Angeles v. Lyons*, 461 U.S. 95, 112, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983); *see also Younger v. Harris*, 401 U.S. 37, 46, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) (irreparable injury is insufficient unless it is both great and immediate in view of policy against federal interference with state criminal prosecutions). Furthermore, where a request for injunctive relief is concerned, it is well settled that "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects." *City of Los Angeles*, 461 U.S. at 102. Here, the plaintiff has failed to demonstrate that she suffers from an irreparable injury which is both "great and immediate," or even exposes the plaintiff to any "continuing, present adverse effects."

---

1. The court also expresses doubt that the plaintiff's motion demonstrates that level of probability of success on the merits necessary as a prerequisite to the granting of injunctive relief. However, as her motion clearly fails on the grounds of irreparable harm, the court need not address the second requirement for a preliminary injunction.

It appears that the plaintiff was initially interviewed as a witness in an investigation of her boyfriend, a former deputy sheriff who was suspected of involvement in the theft of property from prisoners in the custody of the Hartford County Sheriff's Department. The plaintiff was initially interviewed at her place of employment, subsequently signed a sworn, written statement and consented to a search of her apartment. Though her boyfriend was ultimately arrested, the plaintiff was never charged with any criminal wrongdoing related to this or any other investigation, and the investigation is now closed with regard to the plaintiff. (*See* Aff. of Detective Reinaldo Ortiz at 1–4.)

As the plaintiff was never charged with a crime with respect to this investigation, and there is not now pending a criminal investigation in which the plaintiff is a suspect, the court is unable to find any great or immediate injury to which the plaintiff may be subjected if the requested injunctive relief does not issue. This fact, combined with the great restraint with which the federal courts should act when asked to restrict state law enforcement authorities in the performance of their sworn duties, requires the court to deny the plaintiff's motion for injunctive relief.

## CONCLUSION

For the above reasons, the plaintiff's motion for a preliminary injunction (document no. 3) is **DENIED.**

So ordered this 13th day of November, 1997, at Hartford, Connecticut.